THE GEORGIA RAILROAD AND BANKING CO. *v.* MURDEN.

It being apparent from the original declaration that the cause of action was the expulsion of a passenger from the cars because he refused to pay an alleged overcharge, consisting of the difference between the ticket rate and the conductor's rate, an amendment showing more fully why a ticket was not and could not be procured was allowable; and the explanation being that there was no agent at the station to furnish a ticket, the declaration as amended was sufficient.

November 25, 1889.

Actions.  Pleadings.  Amendment.  Railroads. Passengers.  Before Judge HINES.  Taliaferro superior court.  August term, 1889.

Murden sued the railroad company, making the following allegations, in brief: Defendant is a corporation doing business in Georgia, and having a line of road and an agent in Taliaferro county, where the action was brought. It has damaged him $5,000, for that, on the morning of August 27, 1888, he went to Robinson, a way-station of defendant in said county, and went upon

v 83-48

the passenger-train of defendant known as the night express. When the conductor or agent of said defendant, whose surname was Wages, approached petitioner for his fare, petitioner tendered him the requisite amount of three cents per mile from Robinson to Augusta, the place to which he wished to go. Said train passes Robinson at about twenty minutes to four o'clock, and arrived at Crawfordville about four o'clock A. M. "No ticket is at Robinson." The conductor refused to accept the three cents per mile, but claimed that Robinson being only a flag-station and having no ticket-office, a passenger boarding the train there, notwithstanding it was night, would have to pay four cents per mile, but if a passenger should get aboard, at night, a train at a station where tickets were sold, then he, as conductor, could accept three cents per mile. Petitioner, being very anxious to go to Augusta, as he had an important engagement to meet, told the conductor he would pay four cents per mile to Crawfordville, the first station at which tickets were sold; and alighted from the train at that station. The conductor then agreed with petitioner that he was no longer a passenger from a flag-station but a passenger from Crawfordville. But it was night, and petitioner could not get a ticket at this station. Petitioner again went upon the train, and the conductor again came to him to collect the fare. He again tendered to the conductor three cents per mile to Augusta. This the conductor refused to accept, and told petitioner he would have to pay four cents per mile. He was anxious to go to Augusta, so he told the conductor that he could take the money at three cents per mile, hold it until they arrived at a station that had a ticket-office open, at which place the conductor could buy two tickets, one from the station back to Crawfordville, and one from the station to Augusta. This the conductor refused to accept, but still

demanded four cents per mile. Petitioner appealed to him to accept the three cents per mile, the regular fare as governed by rules of the road, and when in Augusta he could then go to the ticket-office and buy a ticket back to Crawfordville; but the conductor refused this, and still demanded four cents per mile, which petitioner refused to pay. Then, in said county, the conductor forced petitioner to alight from the train at night. Wherefore he claims he was damaged $5,000, because (1) he had an important engagement in Augusta to report on the 27th August, 1888, to work at the exposition grounds, and because of this illegal ejectment from the train another party had gotten his contract before he could reach Augusta, by which he sustained a loss of $20; and (2) because he was humiliated and damaged by the illegal ejectment.

To this declaration the defendant demurred on the grounds that it was not sufficient in law; and that plaintiff had set forth as a ground for special damages that he had an important engagement in Augusta to start on the 27th of August, 1888, to work at the exposition grounds, and that said ground of special damage was not fully and distinctly set forth so that an issue might be made on it, and that plaintiff should declare further with whom he had said alleged engagement, and the kind of work to be done by him, so that defendant might intelligently answer. This demurrer was sustained, and thereupon plaintiff moved to amend the declaration as follows: Petitioner charges that, in tendering the three cents per mile from Robinson to Augusta, he fully complied with the law establishing rates for the transportation of passengers over the railroad of defendant, and that the refusal of the conductor to receive the same and transport petitioner to Augusta was wrong and illegal; the conductor then and there demanding four cents per mile, which demand was wrong

and contrary to law. Petitioner, being anxious to go to Augusta, and fearing that the conductor would eject him as he threatened to do unless he paid said four cents, did then and there pay 25 cents, while the regular and just rate was 18 cents to Crawfordville, a station in said county; the conductor then and there assuring petitioner that he could purchase a ticket at Crawfordville at the rate of three cents per mile, or upon failure to do so, he would receive in full satisfaction three cents per mile from there to Augusta. On reaching Crawfordville, there was no agent found and no tickets on sale; whereupon petitioner again got upon the train. When the conductor demanded fare, petitioner tendered to him the three cents per mile, the just and legal rate to Augusta. The conductor refused to receive it and illegally demanded fare at the rate of four cents per mile. Petitioner refused to pay it; whereupon he was illegally ejected from the car by the conductor and damaged as aforesaid. The firm with whom he had an engagement to work upon the exposition grounds in Augusta was one T. J. Daly, who had given petitioner the place of foreman, upon condition that he would be in Augusta on the 27th of August. This position was worth $2.75 per day as foreman, but he failed to reach Augusta in time by reason of his ejectment, and lost the position of foreman and took a subordinate position paying him only $1.35 per day; wherefore he was damaged as aforesaid.

Defendant objected to this amendment on the ground that there was no valid cause of action set forth in the original declaration, and because it introduced a new cause of action, and because there was nothing in the pleadings to amend by; and moved that the case be dismissed. The objection was overruled, and the amendment was allowed. Defendant then demurred on the ground that there was no cause of action set forth in the declaration as amended, and moved the court to dis-

miss the case; which demurrer and motion were over-ruled, and defendant excepted.

J. B. CUMMING, M. P. REESE and BRYAN CUMMING, for plaintiff in error.

· J. C. HART and J. W. HIXON, *contra*.

BLECKLEY, Chief Justice.

It is plain from the original declaration that the cause of action sought to be set forth was the expulsion of the plaintiff from the cars because he refused to submit to and comply with an overcharge made by exacting fare at conductor's rates instead of the rate that would have been payable if he had bought a ticket. The complaint was loosely and imperfectly set forth, but the nature of it is quite apparent. Three cents per mile was tendered, and it is alleged that that was "the regular fare as governed by the rules of the railroad," and also that it was night and the plaintiff could get no ticket at the station. The amendment explained fully why he could get no ticket at Crawfordville. We think there was enough in the original declaration to amend by, that the amendment was properly allowed, and that both together set forth with sufficient fullness and distinctness a cause of action. It follows in our opinion that the court committed no error in overruling the demurrer.          *Judgment affirmed.*