GEORGIA RAILWAY AND ELECTRIC COMPANY *v.*

McALLISTER.

1. The negligent conduct of a street-car conductor in calling a street crossing before his car had arrived at the street announced, thereby inducing a lady passenger to alight, at night and during a severe rainstorm, at a strange place remote from her destination, is to be regarded as the proximate cause of injuries sustained by reason of her slipping and falling upon a curbstone which she was unable to see, because of the

darkness, while endeavoring with due care to make her way homeward along a street with which she was unfamiliar.

(a) The passenger was under no legal duty to apply for shelter at houses in the vicinity of the place where she was induced to alight from the car, rather than attempt to reach her destination on foot over a highway which was in a reasonably safe condition for travel by pedestrians.

(b) If she could not by the exercise of ordinary care have discovered that she was invited by the conductor to disembark at a point short of her destination, she was entitled to recover damages because of illness brought about by exposure to the weather after leaving the car, the burden being upon her to show that her illness was caused by such exposure rather than by other causes for which the defendant company was not responsible.

2. In such a case, no presumption of negligence is raised by law against the defendant from the bare fact that the plaintiff sustained an injury, and the burden rests upon the plaintiff to prove the allegations of fact upon which she relies for a recovery. .

Argued May 24,—Decided August 13, 1906.

Action for damages. Before Judge Reid. City court of Atlanta. October 28, 1905.

*Rosser & Brandon, Walter T. Colquitt,* and *Ben. J. Conyers,* for plaintiff in error. *Napier, Wright & Cox,* contra.

EVANS, J.    The plaintiff below, Mrs. Blanche McAllister, brought suit for damages against the Georgia Railway and Electric Company, setting forth in her petition the following allegations of fact respecting the manner in which she received a personal injury for which she sought to hold the company responsible:    On February 14, 1903, she boarded one of the company's cars at Riverside, about eight o'clock at night, and paid her fare to Atlanta. The night was dark and stormy. Desiring to leave the car at the nearest point to her home, she requested the conductor to stop the car for her when it should arrive at Thurmond street. After a time the conductor called out that street and beckoned to plaintiff to notify her to alight. . Upon leaving the car the plaintiff found the night to be bewilderingly dark, the rain was falling heavily, and for some moments she could see nothing. After the car had sped away, she found to her horror that she was not at Thurmond street crossing, and she did not know where she was. The intense darkness and blinding rain, which was blown against her by powerful gusts of wind, bewildered her; she did not know on what street she was nor what direction to take, but managed to reach the sidewalk, and then undertook to grope her way in the direction in

which she supposed she should go, guided only by the sense of touch along the fronts of the houses. The street was deserted, and her cries for help brought no succor. She was not able to keep her way, because of the impenetrable darkness, and at a street crossing she fell upon the curbing and struck the lower part of her back and side with such force as to be for a time unable to rise. When able to continue her wanderings, she proceeded along the street until she came within call of a police officer, who accompanied her until she got within sight of a light near her home. From the exposure to the storm she contracted a severe illness, and the injuries sustained by her fall are of a permanent character. She was herself faultless, and the injuries sustained were proximately caused by the·wanton carelessness and indifference of the company's conductor in putting plaintiff off the car a long distance from her destination and into a rainstorm.

By demurrer the defendant company presented the contention that the plaintiff's petition disclosed that the·alleged negligent act of its conductor was not the proximate cause of the plaintiff's fall and resultant injuries. The court ruled to the contrary. The case was tried on its merits, and the jury returned a verdict in favor of the plaintiff. The company's motion for a new trial was denied.

1. Taking as true the assertion of the plaintiff that she was without fault, her injuries are directly traceable to the negligence of the company's conductor in inducing her to alight from the car at a street crossing far removed from the point near her home at which she had signified her wish to have the car stopped for her. *Macon Ry. Co.* v. *Vining,* 120 *Ga.* 511. It was naturally to be expected that the plaintiff, after being put off at a strange place, in the dark and during a severe storm, should seek a place of refuge or undertake to make her way home; and though the streets of the city may have been free from any dangerous defects, yet if the plaintiff, while acting with due caution, suddenly stepped off a curbstone, which on account of the darkness she was unable to see, and stumbled or slipped and fell, her injuries are to be regarded as proximately flowing from the default of the company in placing her in a situation where she was forced to make her journey homeward through the storm, subjecting herself to all the hazards which a prudent pedestrian who might undertake to grope his way in the darkness along a street with which he was unfamiliar would neces-

sarily encounter.  The court therefore properly declined to sustain
the defendant's demurrer.  The evidence introduced by the plain-
tiff tended to show that she fell under the circumstances alleged,
notwithstanding she was at the time exercising all possible caution.
The defendant company complains that the trial judge, instead of
instructing the jury that the plaintiff's fall was not the natural
and proximate result of the negligent act of its conductor in caus-
ing her to alight at the wrong place, submitted to the jury the ques-
tion whether or not the alleged negligence of the conductor was the
proximate cause of her injuries.  The charge of the court was as
favorable to the company as it had any right to expect.  The court
properly declined to instruct the jury, at the defendant's request,
that "If at the place where Mrs. McAllister alighted from the car
there were lighted stores or houses in which she could have taken
shelter, and if instead of so taking shelter she chose to go on imme-
diately home, even though she may have fallen on her way home,
the defendant would not be liable for the effects, if any, produced
by such fall."  Certainly the court would not have been warranted
in holding, as matter of law, that the plaintiff was guilty of negli-
gence in undertaking to make her way home, instead of seeking
temporary shelter in some lighted store or house in the immediate
vicinity.  It was not per se negligence for the plaintiff to attempt
to travel through the storm along a street which was in a reasonably
safe condition for pedestrians, nor did she owe the railway com-
pany any legal duty to seek the hospitality of strangers under the
circumstances.  The liability of the defendant depended, of course,
upon whether its conductor did in fact call Thurmond street before
the car reached the point where the plaintiff wished to alight.  The
charge of the court fully covered the contention of the defendant
that Thurmond street was not called by the conductor, and that the
plaintiff must have misunderstood him and alighted under the mis-
taken belief that he had announced the arrival of the car at that
street.  As to whether or not she could, by the exercise of ordinary
care, have discovered that the car was not at Thurmond street,
counsel for the company concedes that its written request to charge
on this subject was sufficiently covered by the instructions which
the court of its own motion gave to the jury.  It appeared that
during the day the plaintiff had pursued her calling as a canvasser
and had been exposed to the prevailing inclement weather.  The

court undertook to state to the jury the familiar rule of law that the company could not be held responsible save for the consequences of the negligent act of its conductor of which the plaintiff complained, and that she could not recover because of her illness unless it was brought about by exposure to the weather to which she was subjected after alighting from the car. In this connection the defendant submitted two pertinent requests to charge, adjusted to the theory that after the plaintiff had been exposed during the day and her clothing had become more or less wet, she was at night induced to leave the car far from her home during a heavy rainstorm. These requests should have been given, as the instructions which the court gave to the jury were framed upon the primary contention of the defendant that the rain had ceased before the plaintiff got off the car, and that her illness was caused by exposure to the weather during the day and prior to the time she became a passenger.

2. The plaintiff relied upon her testimony alone to sustain her claim that the company's conductor had caused her to alight from the car before it reached Thurmond street. The company introduced a number of its conductors, including all who ran on schedules maintained during the period within which the occurrence testified to by the plaintiff could have taken place, each of whom swore he had no knowledge of the occurrence and did not at the request of any lady passenger undertake to call out Thurmond street or by mistake announce that street before his car arrived at that crossing. The case was not, therefore, one necessarily calling for a verdict in favor of the plaintiff, and she was not entitled to recover unless she successfully carried the burden of proving the act of negligence alleged in her petition. The trial judge, just before concluding his charge, instructed the jury as follows: "If the plaintiff shows that she was injured by the operations of a car of the defendant, as she alleges in her declaration, then the law would raise the presumption that the defendant was negligent, and the duty would be upon the defendant either to show that it was not negligent, or else that she could by ordinary care on her part have avoided the consequences to herself of the defendant's negligence, if that appears, or else that her injuries were due to some other cause than the negligence of the defendant, if she was injured. If the company shows such a state of facts to you, that

would be a reply to the presumption, and it would be removed." This instruction was wholly inapplicable to the facts of this case. In such a case, no presumption of negligence can arise against the defendant company. *S., F. & W. Ry. Co. v. Flaherty,* 110 *Ga.* 335. To erroneously charge to the contrary is cause for setting aside the verdict. *Atlanta Ry. Co. v. Johnson,* 120 *Ga.* 911. Let the plaintiff carry the burden which the law imposes upon her as a condition precedent to recovery.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*