### BROWN v. CENTRAL OF GEORGIA RAILWAY, CO.

Where a passenger boarded a railroad train at Fort Valley for the purpose of going to Smithville, and tendered in payment of his transportation a mileage book, which, upon examination, was found not to contain sufficient mileage for the journey, but only sufficient to carry the passenger to Marshallville; and the conductor informed the passenger that he intended to stop at Marshallville, that the ticket-office would be open, and that the passenger could buy a ticket from the agent at that point; and on arriving at Marshallville the passenger left the train immediately for the purpose of purchasing a ticket, and found the ticket-office open, but the agent, engaged in other business than selling tickets, did not wait on plaintiff immediately; and where it appeared that there was sufficient time for the ticket to be purchased if the agent had attended to the matter, and plaintiff boarded the train without having obtained a ticket, for the reason that the train was about to depart; and these facts were known to the conductor; and the plaintiff tendered the conductor three cents per mile from Marshallville to Smithville, the conductor had no legal right to put him off the train because he refused to pay four cents per mile.

Submitted May 24,—Decided July 11, 1907.

Action for damages.   Before Judge Littlejohn.   Macon superior court.   May 18, 1906.

Brown sued the railway company, alleging that he boarded the train of the defendant at Fort Valley for the purpose of going to Smithville.   When the conductor approached he handed him a mileage book, and was informed by the conductor that the mileage in the book was not sufficient to take him to Smithville.   When the plaintiff boarded the train he thought he had sufficient mileage to carry him to Smithville.   When the conductor informed him to the contrary, he offered to pay him in cash whatever amount was necessary to continue his transportation to Smithville, when the conductor replied: "I have got to stop at Marshallville, and the office is open, and you can buy a ticket from the agent."   On arriving at Marshallville plaintiff left the train immediately, for the purpose of purchasing a ticket, but the agent was engaged with his express business, and could not wait on plaintiff, and the conductor did not stop a sufficient length of time for him to secure the ticket, but waved the train ahead just as the agent was prepared to issue the ticket.   Plaintiff then boarded the train, and the conductor demanded four cents per mile from Marshallville to Smithville.   Plaintiff refused to pay this amount, but offered to pay fare at the rate of three cents per mile, plus fifteen cents, which offer was declined.   The conductor then stopped his train at a flag station, known as Winchester, about two miles from Marshallville, and forcibly ejected plaintiff from the train.   It is alleged that according to the rules and regulations of the company the plaintiff was entitled to ride from Marshallville to Smithville upon payment to the conductor of three cents per mile for the distance in excess of the mileage contained in the book.   It is also alleged that the conductor had no right to demand four cents per mile from Marshallville to Smithville, as he knew that the plaintiff had exercised every effort to secure a ticket at Marshallville, and therefore he was entitled to ride on a cash fare of three cents per mile.   The petition then alleges in detail the damages claimed to have been sustained on account of being ejected at night in the cold, and being required to ride in a private conveyance two miles to Marshallville, etc.   At the conclusion of the plaintiff's testimony the judge granted a nonsuit, and the plaintiff excepted.

*Twiggs & Oliver* and *James M. duPree,* for plaintiff.

*Lawton & Cunningham* and *William D. Kiddoo,* for defendant.

COBB, P. J. (After stating the facts.)

The plaintiff was certainly entitled to use his mileage book for the purpose of transportation to the last station at which the train was scheduled or accustomed to stop, embraced within the number of miles remaining in the book. According to the averments in the petition this station was Marshallville. He intended to go to Smithville; a station much further on; and thought he had mileage sufficient for that purpose. He was mistaken. But even if he had not labored under this misapprehension, he could not have secured a ticket at Fort Valley from Marshallville to Smithville in order to complete his journey. The plaintiff was rightfully on the train, therefore, from Fort Valley to Marshallville; and the question is whether he used reasonable diligence to secure a ticket after Marshallville was reached. The conductor was under no obligation to delay the train at Marshallville for the purpose of allowing him to secure a ticket. Neither was the ticket agent at Marshallville under any obligation to keep the ticket-office open for the sale of tickets while the train was standing at the station, if Marshallville was a point at which the agent was authorized to close the ticket office during such time. But whether Marshallville was a point at which the agent was authorized to close his office is immaterial; for it distinctly appears that the ticket-office was open and the agent refused to sell the ticket immediately upon demand, for the reason that he was engaged in business connected with the express company. The agent did not place his refusal to sell the ticket upon the ground that the time for selling tickets for that train had expired, but expressed a willingness to sell the ticket and delayed the sale simply for the reason that he was temporarily engaged with other matters. If the time that the train was at the station was sufficient for the plaintiff to have purchased a ticket if the agent had been at his place as ticket agent, the failure of the plaintiff to secure a ticket from Marshallville to Smithville was not his fault, but was the fault of the company. If when the train reached Marshallville the ticket-office was closed, and properly closed, the conductor would have had the right, when the plaintiff re-entered the train, to demand of him four cents per mile. But if the ticket-office

was open, and the failure to procure the ticket was due to the re-
fusal of the agent to sell a ticket because engaged in other business,
especially when such other business was not connected with the
business of the railroad company, the conductor, upon being in-
formed of the circumstances which caused the failure to procure
the ticket, had no authority to demand more than three cents
per mile. A prospective passenger must use due diligence, accord-
ing to all the circumstances of the case, to procure a ticket before
boarding a train, or rest content to pay the additional charge im-
posed upon those who ride without tickets. But when such dili-
gence has been used, the right of the conductor to make the addi-
tional charge does not exist. The plaintiff had the right to ride
from Fort Valley to Smithville upon a ticket purchased from Fort
Valley at three cents per mile for the entire distance. He had a
right to ride from Fort Valley to Smithville upon two tickets;
one purchased at Fort Valley to carry him to Marshallville and
the other at Marshallville to carry him to Smithville. If he
boarded the train at Fort Valley with a ticket there purchased
from Fort Valley to Marshallville, he took the chances of being
able to purchase a ticket from Marshallville to Smithville while
the train was standing at the station; and if, through no fault of
the railroad company, he failed to secure a ticket at Marshallville,
he must rest content to pay the additional charge. When he
boarded the train at Fort Valley with his mileage book, he was in
the same position as if he had bought a ticket from Fort Valley
to Marshallville. His journey was really divided into two parts.
His right to transportation from Fort Valley to Marshallville was
complete and undenied. His right to transportation from Mar-
shallville to Smithville at the ticket rate depended upon whether
the ticket-office was open at Marshallville and he exercised due
diligence in endeavoring to buy a ticket and failed from no want
of diligence on his part. This case is very similar to the case of
*Georgia Railroad Co.* v. *Murden,* 83 *Ga.* 753, 86 *Ga.* 434. In that
case the plaintiff boarded the train at Robinson, a flag station, to
go to Augusta, and the conductor demanded four cents per mile
for the entire distance, and there was a controversy between the
plaintiff and the conductor as to whether a passenger who boarded
a train at a flag station could be charged more than three cents
per mile. The conductor finally told the plaintiff that if he

would pay him four cents per mile to Crawfordville, and there leave the train and board it again, he could ride the remainder of the distance for three cents per mile. It seems that there was a rule of the company which authorized a conductor to accept a cash fare of three cents per mile on night trains when an office was closed. The plaintiff left the train at Crawfordville and attempted to purchase a ticket, but the office was closed. When he re-entered the train the conductor demanded four cents per mile notwithstanding the fact that the office was closed, and upon the refusal of the plaintiff to pay this amount he was ejected from the train. The only difference between that case and this is that in that case the office was closed and no tickets were being sold, while in the present case the office was open but the agent refused to sell the ticket until he had transacted other business. So far as the diligence of the passenger was concerned, it was the same in each case. Each did all that reasonable diligence required. The passenger in the first instance went to the ticket-office and found it closed, and the passenger in this case went to the ticket-office and found it open but no one there to sell the ticket. This case is, in principle, controlled by the ruling in the *Murden* case above cited. The court erred in granting a nonsuit.

*Judgment reversed. All the Justices concur.*