## 3684. SOUTHERN RAILWAY CO. v. CARTLEDGE.

1. Where a railway company fails to stop its train and permit a passen-ger to alight at a flag station to which the company has sold him a ticket, he has a right of action for the recovery of such damages as are legally traceable to the wrongful act.
2. Where, however, the act of the carrier is a mere negligent omission of duty, and the passenger's injury consists wholly of the inconvenience occasioned by having to walk a short distance back to the station, the carrier is liable for nominal damages only.
3. In the trial of a suit by a passenger, where, under the rule laid down in the preceding headnote, nominal damages only are recoverable, and there are no aggravating circumstances connected with the mere negli-gent omission of duty, it is error to instruct the jury that punitive dam-ages may be recovered.
4. In such a case it is also error to charge the provisions of the Civil Code (1910), § 4504, in reference to vindictive damages; especially that por-tion of the section which provides: "The worldly circumstances of the parties, the amount of bad faith in the transaction, and all the attend-ant facts should be weighed."
5. Where in the trial of such a case the carrier admits the negligence al-leged, the provisions of the Civil Code (1910), § 2780, relating to the presumption of negligence against a carrier, have no application.
6. Damages traceable to the wrongful act, but not its legal or natural con-sequence, are too remote and contingent to be the basis of a recovery. Applying this rule to the facts of the present case, the plaintiff was not entitled to recover damages alleged to have resulted from an illness caused by a rain which suddenly descended upon him.

DECIDED FEBRUARY 12, 1912.

Action for damages; from city court of Elberton—Judge Meadow presiding. July 17, 1911.

The plaintiff bought a ticket from Cannon, in Franklin county, to Hardcash in Elbert county, a flag station on the line of the de-fendant's railway. The conductor carried him beyond his sta-tion. Upon observing that the train was not slowing down at the flag station, the plaintiff immediately went to the conductor and called his attention to the fact that he was being carried be-yond his station. Thereupon the conductor proposed to carry him on to Dewy Rose, a station about two miles farther on, or to stop at the place where the train then was and permit him to disembark. He accepted the latter proposition and got off the train about a mile beyond Hardcash. The night was dark and cloudy. He was on his way to see his grandmother, who was seriously ill. She lived about two miles from Hardcash and about a mile and a quarter from the place where he got off the train. He walked back to Hardcash, a

distance of about a mile, and then walked from Hardcash to his grandmother's home, arriving there late at night. While on his way from Hardcash to his grandmother's, a sudden rain came up, and he walked along for some time in the rain without seeking shelter at any of the near-by residences. As a result of the wetting which he thus received, he alleged that he was made sick, suffered pain, and lost several weeks from his business.

At the trial the defendant admitted liability for nominal damages. The plaintiff insisted that there were aggravating circumstances connected with the tort, growing out of the conduct of the conductor at the time the train was stopped and the plaintiff disembarked. He testified, "The conductor ordered me to get off. He said that I would have to get off or he would take me on. When I told him that I did not have any business at Dewy Rose he told me to get off. He spoke to me in a rather loud tone of voice. You know the train was making a lot of noise, and we had to talk loud. When I approached the conductor on the train he talked pretty glum and tolerably loud. He talked pretty harsh to me and said if I wasn't going to get off, he would carry me to Dewy Rose or he would put me off right there." The jury returned a verdict in favor of the plaintiff, for $200, and the defendant's motion for a new trial was overruled.

*Thomas J. Brown, A. G. & Julian McCurry,* for plaintiff in error.
*Worley & Nall,* contra.

POTTLE, J. The defendant, having carried the plaintiff beyond the point of his destination, was liable to him in damages. But as the evidence showed a mere negligent omission, unaccompanied by any aggravating circumstances, punitive damages were not recoverable. The conduct of the conductor as set forth in the statement of facts was not such as to authorize the jury to find this character of damages against the defendant. *Ga. R. Co.* v. *Benton,* 117 *Ga.* 785 (45 S. E. 70). In the case just cited the plaintiff testified that the conductor spoke to him roughly, telling him that he would have to get off or pay more money immediately. The trial judge instructed the jury that they might find punitive damages, and the Supreme Court set aside a verdict of $150, on account of this error in the charge, and because the court charged the law now in the Civil Code (1910), § 4504. See also *Sappington* v. *A. & W. P. R. Co.,* 127 *Ga.* 178 (56 S. E. 311). The case differs from

those where a passenger is unlawfully expelled from a train under circumstances of more or less aggravation. In such cases punitive damages are recoverable. *Savannah El. Co.* v. *Badenhoop,* 6 *Ga. App.* 371 (65 S. E. 50). The case was one for nominal damages only.

It is true the plaintiff claimed that he had been made sick on account of having been caught in the rain while on his way from Hardcash to his grandmother's, but any such damages sustained by him were not the legal and natural consequence of the act of the defendant in carrying him beyond his station. Indeed, it appears from the evidence that he unnecessarily walked back to Hardcash and from thence to his grandmother's home, when he could have gotten there by a much shorter route. The company was under the duty of putting the plaintiff off at Hardcash; it had assumed no obligation to take him to his grandmother's residence, two miles in the country, and any injury which he sustained resulting from the fact that he voluntarily walked from Hardcash to his grandmother's home would be entirely too remote to be the basis of a recovery. See Civil Code (1910), § 4510; *Sappington* v. *A. & W. P. R. Co.,* supra; *Central R. Co.* v. *Dorsey,* 116 *Ga.* 719 (42 S. E. 1024). The case differs from that of *Georgia Ry. & El. Co.* v. *McAllister,* 126 *Ga.* 447 (54 S. E. 957, 7 L. R. A. (N. S.) 1177), for in that case the plaintiff was put off in a' rain-storm, and, therefore, any injury which she received was the direct consequence of the illegal act.

It was clearly error for the trial judge to charge the jury the provisions of section 4504 of the Civil Code (1910), and especially that portion of the section which provides that "the worldly circumstances of the parties, the amount of bad faith in the transaction, and all the attendant facts should be weighed." It has been expressly held by the Supreme Court that the provisions of this section of the code have no application in a case like the present. *Ga. R. Co.* v. *Benton,* supra.

The case was tried upon an erroneous theory. The only question which should have been submitted to the jury was as to what amount they should find for the plaintiff as nominal damages for the defendant's negligent act in failing to stop its train at the station. The defendant admitted the technical breach of duty and its consequent liability for nominal damages. There was, therefore,

no issue in the case as to the defendant's negligence. For this reason, the provisions of the Civil Code (1910), § 2780, relating to the presumption of negligence against the carrier where a person is injured by the running of cars, trains, or other machinery, were wholly inapplicable. *Ga. Ry. & El. Co.* v. *McAllister,* 126 *Ga.* 447 (54 S. E. 957, 7 L. R. A. (N. S.) 1177). Indeed, it is difficult to see how the provisions of this section of the code could be applicable in any case where the sole claim of negligence is that the plaintiff was carried beyond his station. Under some circumstances, a verdict of $200 might be considered as for a nominal amount, but it can not be said in this case, as matter of law, that the jury intended to find only a nominal verdict. The case having been submitted to them on the theory that they might find punitive damages, and might find damages on account of illness which the plaintiff claimed to have suffered, it is very probably true that the jury intended the verdict of $200 to be compensation for these damages which the plaintiff claimed to have sustained. At any rate this court can not say that this is not true, and the case must be sent back for another trial, in the light of the views expressed in this opinion. *Judgment reversed.*

RUSSELL, J., concurring specially. I concur in the decision in this case solely for the reason it is probable that the jury were influenced by the instructions of the court to which reference has been made by Judge Pottle. We are all agreed that the plaintiff's right to recover nominal damages is undoubted. If the jury had seen proper to return $200 as merely nominal damages, I should be in favor of affirming the judgment refusing a new trial.

While I do not personally assent to the doctrine of some of the rulings cited by my brother Pottle, I am judicially bound by them. In my opinion it should be left to the jury in this case to say whether there were any such circumstances of aggravation in the manner of the conductor as would have entitled the plaintiff to recover punitive damages, under the ruling in *Savannah Electric Co.* v. *Badenhoop,* 6 *Ga. App.* 371 (65 S. E. 50), and cases therein cited. However, I am compelled to concur in the judgment of reversal, because the case was submitted to the jury on the theory that they might find punitive damages, as well as damages on account of illness, which are clearly too remote for recovery. As it can not be said with certainty that these errors did not contribute

to the amount of the verdict, the error must be presumed to have been injurious to the defendant in the court below, and another trial should have been granted.