8098. WESTERN AND ATLANTIC RAILROAD COMPANY *v.* CARLOCK.

WADE, C. J. 1. The court erred in charging the jury as to the presumption against a carrier arising upon proof of damage occasioned by the running of its cars or by any person in its employment. This being a case in which the defendant admitted a technical breach of a contractual duty, and consequent liability for nominal damages, and no actual damage being alleged in the plaintiff's petition, there was no issue as to the defendant's negligence. "For this reason, the provisions of the Civil Code (1910), § 2780, relating to the presumption of negligence against the carrier when a person is injured by the running of cars, trains, or other machinery, were wholly inapplicable. *Ga. Ry. & El. Co.* v. *McAllister,* 126 *Ga.* 447 (54 S. E. 957, 71 L. R. A. (N. S.) 1777). Indeed, it is difficult to see how the provisions of this section of the code could be applicable in any case where the sole claim of negligence is that the plaintiff was carried beyond his station." *Southern Ry. Co.* v. *Cartledge,* 10 *Ga. App.* 523, 526 (73 S. E. 703).

2. "In an action instituted for the recovery of damages for the commission of a mere negligent tort which involves no actual physical invasion of one's rights of person or property, but which consists in the omission to perform a private duty springing out of the relation of carrier and passenger, the breach of which results in damage to the person to whom that duty is owing, the law of trespass is not involved; and it is there-

fore error in such a case for the trial judge to give in charge to the jury that portion of section 3906 of the Civil Code [of 1895, Code of 1910, § 4503] which provides as follows: 'either to deter the wrong-doer from repeating the trespass, or as compensation for the wounded feelings of the plaintiff;' but upon the trial of such a case it is proper to give in charge to the jury that portion of the section of the code above referred to which precedes the words above quoted." *Southern Ry. Co.* v. *Harden*, 101 *Ga.* 263 (28 S. E. 847).

3. It is insisted that the court erred in charging the jury that "In some torts the entire injury is to the peace, happiness, or feelings of the plaintiff; and in such a case no measure of damages can be prescribed except the enlightened consciences of impartial jurors." Neither the plaintiff's petition nor the proof makes out a case for recovery of actual damages, and her right of recovery being entirely for injuries to her peace, happiness, or feelings, this part of charge is not subject to criticism.

4. The several other special grounds are either without any substantial merit, or are not insisted upon in plaintiff's brief.

*Judgment reversed. George and Luke, JJ., concur.*

DECIDED JUNE 15, 1917.

Action for damages; from Catoosa superior court—Judge Fite. January 11, 1916.

*Tye, Peeples & Tye, Maddox, McCamy & Shumate,* for plaintiff in error. *J. E. Rosser, R. W. Crenshaw,* contra.