12472.  ADAMS *v.* LOUISVILLE & NASHVILLE RAILROAD
                COMPANY *et al.*

JENKINS, P. J.  1.  It is the duty of railroad companies to keep their ticket offices open for the sale of tickets for a reasonable time before the departure of trains, and the rules of the railroad commission of this State prescribe the method by which such duty shall be performed. It is the duty of passengers to use proper diligence in supplying themselves with tickets before boarding trains.  *Southern Ry. Co.* v. *Fleming,* 128 *Ga.* 241 (57 S. E. 481, 10 Ann. Cas. 921).

2. A passenger who has not been afforded a reasonable opportunity to purchase a ticket before boarding a train can only be charged the regular ticket rate for his fare, and he can not while en route be required to

leave the train in order to make such a purchase (*Central R. Co.* v. *Strickland*, 90 *Ga.* 562, 16 S. E. 352); but where a passenger, without fault on his part, boards a train without having provided himself with a ticket, and where he tenders and pays to the conductor the regular ticket rate, but only to the junction point of the carrier's line, and where he fails to show any reason which would explain his failure to there provide himself with a ticket for the remainder of his journey, the conductor of the other train is entitled to demand fare at the train rate instead of the ticket rate. *Brown* v. *Central of Ga. Ry. Co.*, 128 *Ga.* 635 (58 S. E. 163).     The presumption is that tickets were on sale and could have been purchased at the junction office. *Ga. Ry. & El. Co.* v. *McAllister*, 126 *Ga.* 447 (2), 451 (54 S. E. 957, 7 L. R. A. (N. S.) 1177).          *Judgment affirmed. Stephens and Hill, JJ., concur.*
DECIDED NOVEMBER 29, 1921.

Action for damages; from Warren superior court — Judge Shurley. April 7, 1921.

*L. D. McGregor,* for plaintiff.

*E. P. & J. Cecil Davis, Miles W. Lewis,* for defendants.