21786. KINNEY v. TURNIPSEED.

JENKINS, P. J. 1. Questions as to diligence and negligence, including contributory negligence and what negligence constitutes the proximate cause of the injury complained of, are questions peculiarly for the jury, such as this court will decline to solve on demurrer, except where they appear to be clear, plain, and indisputable. *Southern Railway Co.* v. *Slaton,* 41 *Ga. App.* 759 (3) (154 S. E. 718); *Meriwether County* v. *Gilbert,* 42 *Ga. App.* 500, 501 (2) (156 S. E. 472).

2. In the instant suit for damage to the automobile of the plaintiff which resulted from his driving his automobile into the defendant's automobile from the rear, where it was alleged that both cars were proceeding along the highway at a uniform speed of about thirty miles per hour, the car of the plaintiff about "three or four car lengths" in the rear of the defendant, and that the defendant suddenly, and without signalling or other warning of his intention to do so, stopped his car directly in front of the plaintiff's car, and near the middle of the road and in direct line ahead of it, and where it was alleged that the plaintiff could not, by exercise of ordinary care, have avoided running into the defendant's car, the petition set forth a cause of action, and the court did not err in overruling the general demurrer. The instant case is distinguishable from that of *Fraser* v. *Hunter,* 42 *Ga. App.* 329 (156 S. E. 268), in that in the *Fraser* case the automobile of the defendant into which the

plaintiff ran his car was parked on the highway, and there was nothing to prevent the plaintiff from seeing it in its stationary position in time to avoid striking it, whereas in the instant case the automobile of the defendant, according to the averments of the petition, was moving along the highway a short distance ahead of the plaintiff's car, and was suddenly stopped without warning.

3. The charge of the court fairly submitted the issues raised by the plaintiff's petition and by the pleadings on the cross-action in which it was sought to recover for damage to the defendant's automobile from the same accident. It was not calculated to confuse the jury as to the burden of proof, since the jury were fully instructed that the burden rested upon the plaintiff to establish his case as laid, and upon the defendant to establish his cross-action, and that the general definitions of negligence given in charge to the jury applied to both parties alike.

(b) The instruction that "no operator shall pass a vehicle from the rear at the top of a hill or on a curve where the view ahead is obscured or while the vehicle is crossing an intersecting highway," could not have been harmful to the defendant, since it related only to acts of the plaintiff which might be found to be negligent.

4. The charge of the court as given substantially covered the principle of law which it is contended should have been given without a request, viz.: "If the plaintiff, by the exercise of ordinary care, could have avoided the negligence of the defendant, if the defendant was negligent, after the plaintiff discovered the defendant's negligence, or in the exercise of ordinary care and diligence could have discovered the same, then the plaintiff could not recover, even though the defendant was negligent."

5. The verdict awarding the plaintiff damages in the sum of $150, although not demanded, was authorized by the evidence, and the judge of the superior court did not err in overruling the certiorari by which the defendant sought to review the action of the appellate division of the municipal court affirming the judgment of the trial judge in that court, denying the defendant a new trial.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

Decided May 11, 1932.

*J. Wightman Bowden,* for plaintiff in error.
*Slaton & Hopkins, E. B. Lovell,* contra.