23063. GEORGIA POWER COMPANY *v.* BRASWELL.

Decided February 28, 1934.

*Miller & Lowrey,* for plaintiff in error.
*Hall & Bloch, Hallie B. Bell,* contra.

MacIntyre, J. The plaintiff, an aged, feeble, and infirm Con-

federate veteran, boarded a street-car of the defendant, Georgia Power Company, paid his fare, and started towards the rear to get a seat, when the car was suddenly and without warning jerked forward by the defendant's servant operating the car, causing the plaintiff to fall and injuring him. The street-car was being operated by one man, known as a conductor-motorman, and there were no other servants or agents of the defendant in charge of the car at the time of the injury. The defendant's servant, in charge of the street-car, knew of the plaintiff's feeble and infirm condition, yet he did not stop the car for a long enough time to enable the plaintiff to get on board and get seated, before starting the car suddenly. The plaintiff filed his petition against the defendant and set forth the above facts. He alleged also that the defendant was negligent in starting said car so suddenly and violently as to cause the plaintiff to fall, in not warning him that the car would be started before he could get a seat, and in causing said car to move forward suddenly, without warning, knowing that the plaintiff had not yet had time to seat himself. The plaintiff charged that the defendant was also negligent in having the street-car, at the time and place of the injury to the plaintiff, operated by only one person, a conductor-motorman, that such an operator, in performing the duties assigned to him by the defendant, has no opportunity to observe the body of the car and to properly protect and look after the welfare and safety of the passengers, and of an infirm and aged person, such as the plaintiff was. The plaintiff alleged that it was the defendant's duty, not only to see to it that the plaintiff boarded the street-car in safety, but that he should have a reasonable time in which to get safely seated in the car.

The defendant demurred to that part of the plaintiff's petition which sets up that the operation of the street-car by one man under the conditions and at the time set forth in the petition constitutes negligence on the part of the defendant or was the proximate cause of the plaintiff's injury, because the allegations therein contained are insufficient in law to show any breach of duty on the part of the defendant to the plaintiff, growing out of such manner of operation of its street-car at the time and place of the injury to the plaintiff. The court overruled this demurrer and refused to strike these allegations from the petition; and to this judgment the defendant excepted pendente lite. In the bill of exceptions error is assigned on

these exceptions. The case proceeded to trial and the jury returned a verdict in favor of the plaintiff for $1000. The defendant moved for a new trial, the motion was overruled, and to this judgment the movant excepts.

■. Questions of negligence, simple or gross, and questions of whether or not, under the circumstances of a particular case, the defendant exercised towards the plaintiff, a passenger on a street-railway, that extraordinary care the law puts upon carriers of passengers, are usually for determination by a jury, after proper instruction from the court, and only in plain and unmistakable cases will they be decided by the courts as matters of law.

Whether the defendant exercised towards the plaintiff the extraordinary diligence and care required of it, in having in operation at the time and place of the alleged injury to the plaintiff, he being an aged, feeble and infirm person, a street-car operated by only one person, a conductor-motorman, is a question for the jury to pass upon, under all the facts and circumstances of the case. The effect of the allegation in the petition that the operation by the defendant, at the time and place in question, of a one-man street-car, constituted negligence on the part of the defendant, was not that it was negligence for the defendant company to operate one-man street-cars upon its lines, but that under the conditions described in the petition, as to the plaintiff, it might constitute negligence; and it was proper for the jury to consider this, in determining whether the defendant had exercised towards the plaintiff that extraordinary care and diligence it was bound to exercise for the safety of the plaintiff as a passenger upon one of its street-cars, having regard to all the facts and circumstances of the case, including the feebleness and age of the plaintiff. See Civil Code (1910), § 2713; *Holly* v. *Atlanta Street R.*, 61 *Ga.* 215 (34 Am. R. 97). When a petition states the facts upon which the claim of negligence is based, a general allegation in the petition, following a statement of the facts relied upon to show negligence, will be construed to have reference to the particular facts pleaded; and, so construed, it is not subject to special demurrer. *Fuller* v. *Inman*, 10 *Ga. App.* 680 (4) (74 S. E. 287); *Rome Ry. &c. Co.* v. *King*, 30 *Ga. App.* 231 (117 S. E. 464). It being a jury question whether the defendant, in operating a one-man street-car at the time and place of the injury to the plaintiff, exercised the degree of care and skill

it owed the plaintiff passenger, the court did not err in overruling the special demurrer to that portion of the petition which alleged that the defendant did not exercise such care and skill, and in submitting this issue to the jury.

■ There was no error in refusing to admit in evidence a petition of the Macon Railway & Light Company, filed with the mayor and council of the City of Macon, and the findings of the committee on public safety of the council, involving the effort of that street-railway company to put one-man street-cars on its line in that city in the year 1924. Such evidence could not have a bearing on the question whether or not the Georgia Power Company, the defendant railway company in the present tort action, had exercised the extraordinary care and diligence owed by it to the plaintiff, as required by law of a carrier of passengers, under the facts and circumstances of the case, and at the time and place of the injury to the plaintiff. Such evidence could not have a bearing on whether or not in a single instance, under the peculiar facts and circumstances of that case, it was negligence towards the particular passenger involved in the matter for the company to operate a one-man street-car. Such a question was peculiarly one for the jury to pass upon, under all the facts and circumstances of the case, bearing on the injury in question, and bearing on the time and place of the operation of the street-car involved in the action being tried.

■ The court charged the jury that "The law says, in all cases against railroad companies for damages done to persons or property, proof of injury inflicted by the running of locomotives or cars of such company shall be prima facie evidence of the want of reasonable skill and care on the part of the servants of the company in reference to such injury. Now, what is meant by that is, if nothing else was done, no evidence introduced, there would be a prima facie case on the part of the plaintiff. That could be rebutted by proof, and if it was rebutted and shown they had exercised reasonable care and skill, it would be your duty to consider it." It is contended that this charge was error for the reasons set out in *Seaboard Air-Line Ry. Co.* v. *Fountain,* supra. The vice in the charge is in the last sentence thereof. The old presumption statute, section 2780 of the Code of 1910, has been held unconstitutional by the Supreme Court of the United States. *Wadley Southern Ry. Co.* v. *Faglee,* 173 *Ga.* 814 (161 S. E. 847). In 1929 the legislature passed this

statute: "In all actions against railroad companies for damages done to persons or property, proof of injury inflicted by the running of locomotives or cars of such company shall be prima facie evidence of the want of reasonable skill and care on the part of the servants of the company in reference to such injury." Ga. L. 1929, p. 315. It will be seen that the first part of the above charge, objected to by the plaintiff in error, was in the language of this statute. However, the court went further and charged the jury that the prima facie case in favor of the plaintiff could be rebutted, "and if it was rebutted and shown that they had exercised reasonable care and skill, it would be your duty to consider it." This last-quoted portion of the charge is an incorrect statement as to the law. Proof of injury inflicted by the running of a locomotive or cars of a railroad company is prima facie evidence of the want of reasonable skill and care on the part of the servants of the company, and proof thereof casts upon the railroad company the burden of producing some evidence to the contrary; "and when this is done the inference is at an end, and the question of negligence is one for the jury from all the evidence." *Seaboard Air-Line Ry. Co.* v. *Fountain,* supra. To say that proof of injury by the running of the locomotives or cars of the railroad company was prima facie evidence of the want of reasonable skill and care on the part of the servants of the company, but that if such proof was rebutted by the railroad company, it would be the duty of the jury to consider such rebuttal evidence of the defendant, has quite a different meaning from saying that when the defendant railroad company produces some evidence showing that its servants were not lacking in want of reasonable skill and care in the matter, such an inference, created by plaintiff's proof that he was injured by the running of the locomotives or cars of the defendant company, "is at an end, and the question of negligence is one for the jury, from all the evidence." The charge of the court, as qualified by the last sentence thereof, did not state the correct rule of law upon this subject, and was clearly harmful to the defendant. Its effect was that the inference of the want of skill and care created by the fact that the plaintiff was injured by the running of the street-car of the defendant company could be considered by the jury as evidence against any evidence which might be introduced by the defendant that it was not negligent in the operation of the street-car at the time in

question. Such a charge would permit the jury to weigh the vanished inference against direct evidence on the subject by the defendant.

■ The court charged the jury as follows: "In this case the plaintiff claims damages for pain and suffering. He says he was seriously injured as set forth in the petition. You will have the petition out with you, and if it is necessary for you to refresh your mind you can examine the petition and see how and to what extent he was injured. He says that he suffered great pain and that he will continue to suffer from said injury, and if you determine that the plaintiff is entitled to recover, this is a legitimate item upon which damages may be awarded. You would determine just what sort of injury he received, its character of producing or not producing pain, the mildness or intensity of the pain, its probable duration, whether it has ceased, or whether it continues to this date, or whether it may continue in the future; and, in order to be fair to both parties, you will give to the plaintiff, if you think he is entitled to recover, just and fair compensation for the pain and suffering he endured, and for the impairment, if any, of his body, or mental health, and vigor due to the injury received on this occasion, provided you believe he was injured and is entitled to recover. As to the amount, the law declares there is no standard by which to measure it, except the enlightened conscience of impartial jurors."

While the first part of the above-quoted charge, that "He says he was seriously injured as set forth in the petition. You will have the petition out with you, and if it is necessary for you to refresh your mind you can examine the petition and see how and to what extent he was injured," was inapt, we do not think that it was calculated to harm the defendant to such an extent as to require the grant of a new trial. The first sentence shows that the plaintiff says he was seriously injured as set forth in the petition, and the next sentence was intended to mean that the jury could look to the petition to see to what extent he was so injured. It was meant by this charge that "plaintiff says he was seriously injured as set forth in the petition, which you may look at to see just to what extent he claims he was injured."

The remainder of the charge was correct and fairly informed the jury as to the damages they should give for pain and suffering, both physical and mental, if they found that the plaintiff was entitled to

recover the same. Physical pain and suffering in consequence of a tort occasioning an injury to the plaintiff is a proper element of damages. *Southern Cotton Oil Co.* v. *Skipper,* 125 *Ga.* 368 (54 S. E. 110). There is no standard by which physical pain and suffering may be measured in money. It can only be said that an award of damages therefor should be estimated in a fair and reasonable manner, and not by any sentimental or fanciful standard, and should constitute a reasonable compensation to the plaintiff upon the facts disclosed by the evidence. The jury are entitled to consider the length of the plaintiff's suffering, the nature of his injury, his age, health, habits, and pursuits. It is not necessary that there should be direct evidence that the plaintiff will suffer pain in the future, but the jury are entitled to draw all such inferences from the evidence as are justified by the common experience and observations of mankind. The only measure of such damages is the enlightened conscience of an impartial jury. See *Atlanta &c. R. Co.* v. *Johnson,* 66 *Ga.* 259; *Southern Cotton Oil Co.* v. *Skipper,* supra; *Lamb* v. *Kennedy,* 15 *Ga. App.* 533 (83 S. E. 796); *Powell* v. *Augusta & Summerville R. Co.,* 77 *Ga.* 192, 200 (3 S. E. 757); *Atlanta St. R. Co.* v. *Jacobs,* 88 *Ga.* 647, 648 (15 S. E. 825). The amount of an award for mental pain and suffering rests ordinarily in the sound and intelligent discretion of the jury. Direct evidence as to mental suffering is unnecessary in order that there may be an award therefor. *Western & Atlantic R. Co.* v. *Carlock,* 20 *Ga. App.* 249 (92 S. E. 1006); *City of Rome* v. *Ford,* 13 *Ga. App.* 386 (79 S. E. 243); *Western Union Telegraph Co.* v. *Ford,* 8 *Ga. App.* 514 (70 S. E. 65). Civil Code (1910), § 4504. There is no merit in the contention that the plaintiff did not plead that he was entitled to recover for physical and mental pain and suffering.

■ Under the facts and issues involved in this case, the court did not err in charging the jury that "By the evidence in this case the defendant contends they did not violate any duty they owed the plaintiff, by starting the car before the plaintiff had an opportunity to take his seat, but that he had ample time to take his seat, and did take it, and later arose from that seat and went across the car to sit in another place. If you believe that to be true, then you would, under the rules I have given you, see whether or not by any improper movement of the car the plaintiff was negligently injured; in other words, if the plaintiff should get up and leave his

seat and the car was being operated in a proper manner, and if by the ordinary movement of the car the plaintiff, being an old man, was thrown down and injured, without any negligence on the part of the defendant, of course, you could not hold them liable for that. You look to all the evidence and pass upon that issue; in other words, the case is entirely with you to consider." Said charge was not harmful and prejudicial to the defendant, but, on the contrary, was a fair and just charge, applicable to the facts of this case. It instructed the jury in effect that if they believed that the defendant did not violate any duty towards the plaintiff in starting the car before he had an opportunity to get a seat, and if they believed that the plaintiff had gotten seated but had undertaken, after the car started, to get up and procure another seat, and therefore was thrown down and injured, not by any unusual movement of the car, and without any fault of the defendant company, but because of the age of the plaintiff, the defendant would not be liable, and that it was the duty of the jury to take the case and decide it under all of the facts and circumstances in the evidence. In the above-quoted charge, this court can not see any error that would tend to prejudice or harm the defendant upon any of the grounds assigned.

■ As the court erred in overruling the defendant's motion for a new trial on account of the improper charge referred to in the third division of the opinion, and the case goes back for another trial, it is not necessary to pass upon the sufficiency of the evidence to authorize the verdict.

*Judgment reversed. Guerry, J., concurs. Broyles, C. J., disqualified.*