25264. POLLARD, receiver, *v.* HEARD.

DECIDED JULY 6, 1936.

*Beck, Goodrich & Beck,* for plaintiff in error.
*Willingham & Willingham, Chester A. Byars,* contra.

SUTTON, J.   Heard filed suit for damages against Pollard as receiver of the Central of Georgia Railway Company, making these allegations in his petition as amended:   On the morning of March 18, 1935, he was injured by one of defendant's trains on a public crossing in the City of Griffin.   On this occasion the plaintiff was traveling along East Solomon Street in his automobile, and was going in an easterly direction towards his home in a nearby town. The defendant maintains a signal-bell at this crossing, to notify those about to cross over its track of the approach of trains.   At the time the plaintiff approached the crossing this bell was ringing, and he stopped short thereof, and a northbound passenger train of the defendant passed at a speed of forty-five to fifty miles an hour, making "great noise."   Just north of this crossing the railroad-tracks curve sharply to the west, and the northbound train rounded the curve at such speed the curve accentuated the noise made by this train.   Plaintiff was not aware that there were double tracks at this point, and as soon as this train had sufficiently passed, he continued across the crossing, whereupon a southbound passenger-train of the defendant, running far in excess of twenty miles an hour, came around said curve without ringing its bell, and struck plaintiff's automobile with great force, demolishing the same and injuring plaintiff as set forth.   The two trains in rounding the curve were blended together.   There are in effect valid ordinances of said city, that it shall be unlawful for a train to cross over said crossing at a speed in excess of twenty miles an hour, and that two trains shall not be operated across said crossing in opposite directions at the same time, but one train shall stop and stand until the other has crossed the crossing.   The southbound train entered on said crossing at a fast rate of speed before the northbound train had completely cleared the same.   The agents and employees of the defendant in charge of the southbound train were negligent, and failed and neglected, in approaching the crossing, to exercise due care, and to keep and maintain a constant and vigilant lookout along the track ahead of the engine in order to avoid injury to persons or property which might be on

the crossing or on the tracks within fifty feet thereof, and neglected and failed to signal the approach of the train to the crossing by constantly tolling the bell of the engine; all of which was done in violation of the law of this State regulating the operation of trains at public crossings in incorporated cities. The knowledge by defendant's agents and employees operating the southbound train of the character of this crossing and its exclusive use by the traveling public, coupled with the duty imposed on them by the laws of this State to use and exercise care in approaching the crossing so as to avoid injury to persons or property thereon or on the tracks within fifty feet thereof, made it their duty under the circumstances, in the exercise of the due care required of them by law, to have the train under such control that it could have been brought to a stop in order to avoid injury to person or property at the crossing, and their failure to exercise due care in this regard was a contributing and direct cause of the injuries sustained by plaintiff. The defendant was negligent in that such train approached the crossing, which is in a populous section of the city, and the street and highway being extensively used, which was known to those in charge of the train, "at a fast rate of speed," in violation of the city ordinances, and in violation of the State statute, and "so closely in point of time coincident with the operation across said crossing of said northbound train, without regard or care for the traveling public which might be using said street at the time, and without care or concern for the plight or safety of any one starting across said tracks behind the northbound train, and in utter disregard of the rights or safety of any such person, and specifically of petitioner." Plaintiff had a right to rely upon the defendant operating its train in conformity with and obedience to the ordinances of the city and the laws of this State. He was in the exercise of "all care and diligence and free from fault at the time." He charged the foregoing alleged wrongful, careless, and neglectful acts, on the part of defendant through its agents, as negligence and as being the proximate cause and direct result of the injuries received by him. The defendant's demurrer to the petition as amended was overruled, and he excepted.

Questions of negligence, proximate cause, and failure to exercise ordinary care in avoiding the consequences of another's negligence, etc., are all questions of fact, properly for determination by

a jury under appropriate instructions from the court as to the applicable principles of law; and it is only in plain and indisputable cases that the court as a matter of law will undertake to determine them. *Georgia Power Co.* v. *Braswell,* 48 *Ga. App.* 654, 656 (173 S. E. 763); *Kinney* v. *Turnipseed,* 45 *Ga. App.* 269 (164 S. E. 225); *Central of Ga. Ry. Co.* v. *Leonard,* 49 *Ga. App.* 689 (3), 699 (176 S. E. 137); *Central Ry. Co.* v. *Barnes,* 46 *Ga. App.* 158 (2) (167 S. E. 217); *Southern Ry. Co.* v. *Slaton,* 41 *Ga. App.* 759 (3) (154 S. E. 718). It is true that where an injury is the result of the plaintiff's own negligence, or where the plaintiff fails to exercise proper care for his own safety on discovering the negligence of the defendant, or where by the exercise of ordinary care he could have apprehended the defendant's negligence, he can not recover; but even though the plaintiff was negligent in some manner, where the defendant's negligence caused the injury and was of a greater degree than plaintiff's, the plaintiff could still recover, although his recovery would be diminished in the proportion his negligence compared with the negligence of defendant. However, where the negligence of the plaintiff and the defendant are equal, or the negligence of the plaintiff is more than that of the defendant, the plaintiff could not recover. See *Rogers* v. *McKinley,* 48 *Ga. App.* 262 (172 S. E. 662). Ordinarily these are all questions of fact for the jury. It is to be remembered that a plaintiff is not required to allege facts showing that he exercised due care for his own safety, or that the injury was not the result of his own negligence; but his petition is sufficient to withstand a general demurrer where it alleges that his injury was the result of defendant's negligence, setting forth facts from which the jury might find that the defendant was negligent. However, if the facts alleged by the plaintiff affirmatively show that his injuries were the result of his own negligence, or show that after discovering the negligence of defendant, or if the same could have been apprehended by the exercise of ordinary care upon plaintiff's part, plaintiff failed to exercise due care to prevent the consequences of defendant's negligence, that is, failed to exercise ordinary care for his own safety, then plaintiff could not recover. Plaintiff's petition shows that he approached the crossing, did not know that it was a double-track crossing, stopped when he heard the signal-bell ringing, and waited until the northbound train had passed sufficiently for him

to cross, which train was making great noise and running fast; that the railroad-tracks curved sharply to the west just north of the crossing, and the northbound train was rounding this curve which accentuated the noise of this train; that on that account plaintiff did not hear and could not very well observe the southbound train which was approaching from around the curve at the same time at a speed in excess of the city ordinance, without the tolling of its bell and without checking its speed, and the engineer was not keeping a vigilant lookout ahead; and that before the northbound train had completely cleared the crossing the southbound train came upon the same and struck plaintiff's automobile. In these circumstances this court can not say as a matter of law that plaintiff's injuries were brought about by his own negligence or by his failure to exercise proper care for his safety, after discovering the negligence of the defendant in the operation of the southbound train, or after such alleged negligence should have been discovered by plaintiff by exercising ordinary care. The case was properly one for the jury. It is charged that the defendant violated certain ordinances of the city, which were pleaded; and also violated certain statutes of the State, relative to the operation of trains in approaching and passing over public crossings in this State, which would be negligence as a matter of law; and if the jury believed that the defendant violated such ordinances and statutes and that the violation thereof proximately caused plaintiff's injuries, a finding in plaintiff's favor would be authorized. Plaintiff's petition not showing on its face that his negligence was the proximate cause of the injury, and that by the exercise of ordinary care he could have avoided the consequences of defendant's alleged negligence, the case is not controlled by *Peeples* v. *L. & N. R. Co.*, 37 *Ga. App.* 87 (139 S. E. 85), or *Coleman* v. *W. & A. R.*, 48 *Ga. App.* 343 (172 S. E. 577). The present case is different on its facts from the two cases just cited, as appears from what has been said above. The stop, look, and listen doctrine does not prevail in Georgia. The plaintiff had a right to rely upon the observance by any train of the defendant of the ordinances of the city and the laws of the State. Under the law of Georgia it is not negligence as a matter of law "for one not aware of the approach of a train to attempt to cross the railroad-track without stopping, looking, or listening." *Davis* v. *Whitcomb*, 30 *Ga. App.*

497 (118 S. E. 488); *Bryson* v. *Southern Ry. Co.*, 3 *Ga. App.* 407 (59 S. E. 1124). As above stated, "negligence or want of due care on the part of" the plaintiff "or failure by him to avoid the consequences of the defendant's negligence, after it was or should have been known to him, would, in a case of this sort, constitute matter of defense, to be pleaded by the defendant, where the same was not affirmatively disclosed by the allegations of the petition." *Georgia Railroad &c. Co.* v. *Stanley*, 38 *Ga. App.* 773, 775 (145 S. E. 530). The petition charges negligence per se on the part of the defendant, and sets forth facts from which the jury might find that the defendant was negligent, and that such negligence resulted in the injuries sustained by the plaintiff. In these circumstances, it not affirmatively appearing therefrom that the plaintiff was for any reason precluded from recovering, the petition sets forth a cause of action for submission to the jury, and the judge properly overruled the demurrers. See *Hadaway* v. *Southern Ry. Co.*, 41 *Ga. App.* 669 (154 S. E. 296); *Central Ry. Co.* v. *Leonard*, supra; *Central Ry. Co.* v. *Barnes*, supra; *Western & Atlantic R. Co.* v. *Ferguson*, 113 *Ga.* 708 (39 S. E. 306, 54 L. R. A. 802).

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*