BALDY, by next friend, *v.* HUNTER, executor.

1. The decisions of this court in the cases of *McWhorter* v. *Tarpley et al.*, 54 *Ga.* 291; *Nelms* v. *Summers, Ibid.* 605, and in other cases, the doctrine of which is recognized in the case of *McCook* v. *Harp*, 81 *Ga.* 236, are binding upon this court, and it is not constrained to follow the decisions of the Supreme Court of the United States in cases involving the same or similar questions.
2. According to the above cited Georgia decisions, a guardian who, during the war between the States, in good faith invested the funds of his ward in bonds of the Confederate States, under an order of the judge of the superior court properly obtained under then existing statutes of this State, was protected thereby, and is not liable to the ward for the value of the money so invested.
March 16, 1896.  Argued at the last term.

Equitable petition. Before Judge Falligant. Chatham superior court. December term, 1894.

*Barrow & Osborne*, for plaintiff.
*Garrard, Meldrim & Newman*, for defendant.

LUMPKIN, Justice.

This case, in view of the former decisions of this court by which the present bench is bound, and which have never been reviewed in the manner pointed out by law, presents a very narrow field for discussion. It involves two questions only: First, whether a guardian who, during the war between the States, in good faith invested the funds of his ward in Confederate bonds, under an order of the judge of the superior court properly obtained in conformity with the then existing statutes of this State, is liable to be called to account by his ward for loss thus occasioned; and, secondly, whether this court is constrained to follow the decisions of the Supreme Court of the United States rendered in similar cases. On both questions the law has been definitely settled by previous adjudications of this court. The case of *Nelms et al.* v. *Summers*, 54 *Ga.* 605, is exactly in point upon the first question; and that of *McWhorter* v. *Tarpley et al., Ibid.* 291, is conclusive of the second. We shall content ourselves with merely referring to the reasoning employed by Judges Jackson and McCay in the opinions delivered by them, respectively, in these cases; and will only further remark that the doctrine laid down by them is distinctly recognized by this court in the case of *McCook* v. *Harp*, 81 *Ga.* 236, which cites still other cases in point which came before this court for review.

*Judgment affirmed.*