4336.  JELLICO *v.* WHITE & CO.

POTTLE, J.  1. In order for a servant to recover damages from a master on the ground that the master has been negligent in not furnishing a safe place in which to work, it must, as a general rule, appear that the master knew, or ought to have known, of the defect or danger, and that the servant did not know, and had not equal means of knowing, such fact, and by the exercise of ordinary care could not have known thereof. *Ludd* v. *Wilkins*, 118 *Ga.* 525 (45 S. E. 429) ; *Holland* v. *Durham Coal & Coke Co.*, 131 *Ga.* 715, 721 (63 S. E. 290).

2. The plaintiff was a saleswoman in the carpet department of the defendant's store.  At one end of the storeroom was a passageway, from three to four feet wide, extending between a counter and a wall directly opposite.  Over this passageway and extending from the ceiling was a large gaslight, placed there for the purpose of lighting the passageway when in use by the defendant's employees.  The plaintiff had been displaying carpets to a customer in the main part of the room, and started through this passageway for the purpose of procuring some carpet-fasteners.  While walking along the passageway, she tripped and fell over three large rugs, which had been left there by one of the defendant's employees, and in consequence thereof was injured.  The place where the plaintiff fell was designed solely for use as a passageway, and not as a place for the storing of rugs and carpets.  She brought an action to recover damages for the injuries thus sustained, predicating her right to recover upon the alleged negligence of the defendant in failing to furnish her a safe place in which to work, and in furnishing an insufficient light.  From the plaintiff's testimony it appeared that twenty-five minutes before she sustained the injuries complained of, the gaslight over the passageway was not burning, though she was unable to state whether or not the light was burning at the time she fell over the rugs.  It appears from her testimony also that the light was placed there for the purpose of lighting the passageway when in use by the defendant's employees; and it is inferable, from the testimony, that she could have turned on the light before she entered the passageway, and that if she had done so, she could have seen the rugs and have avoided the injury.  *Held*, that inasmuch as the testimony of the plaintiff demanded the finding that she had equal means with the defendant of knowing of the danger complained of, and by the exercise of ordinary care could have known thereof, she is not entitled to recover, and a

nonsuit was properly awarded. *Short* v. *Cherokee Mfg. Co.*, 3 *Ga. App.* 377 (59 S. E. 1115); *Central Railway Co.* v. *Henderson*, 6 *Ga. App.* 459 (65 S. E. 297); *Carroll* v. *Atlanta Paper Co.*, 7 *Ga. App.* 584 (67 S. E. 680).'                         *Judgment affirmed.*

RUSSELL, J., dissenting. I am of the opinion that the award of a nonsuit was error. The plaintiff, at least inferably, proved her case as laid, and the issues should, in my judgment, have been submitted to the jury.

DECIDED DECEMBER 10, 1912.

Action for damages; from city court of Richmond county— Judge W. F. Eve. June 5, 1912.

*I. S. Peebles Jr.*, for plaintiff. *E. H. Callaway*, for defendant.