### 11765.   HARDWICK *v.* FIGGERS.

JENKINS, P. J.   1. The petition was not subject to general demurrer. Whether the defendant was negligent in permitting the bales of cotton to fall from the dray upon the city streets, whether he was negligent in permitting them to there remain for an undue and unreasonable length of time, and whether such bales of cotton, showing the white sample splotches when left at night in such an unusual place, were calculated to frighten an ordinary roadworthy horse, were questions of fact, which were properly left to the determination of the jury. In like manner, under the allegations of the petition, it was for the jury to say whether the negligence of the defendant, if there was such negligence, constituted the proximate cause of the runaway and injury. *Central of Ga. Ry. Co.* v. *Hartley,* 25 *Ga. App.* 110 (103 S. E. 259) ; *Ga. Ry. & Power Co.* v. *Ryan,* 24 *Ga. App.* 288 (1) (100 S. E. 713). " The most generally accepted theory of causation · . . is that of natural and probable consequences." *Mayor &c. of Macon* v. *Dykes,* 103 *Ga.* 847, 848 (31 S. E. 443). Thus, where a wrongful act puts other forces in operation, resulting in injury to another, which the jury might be authorized to say were the direct, natural, and probable consequences of the original act of negligence, the wrongdoer can be held liable on the theory of his responsibility for the first.efficient cause. Where, however, as in the case just cited, the resultant injuries could not reasonably be foreseen as the natural, reasonable, and probable consequences of the original wrongful act, there can be no recovery.

2. Ordinarily, contributory negligence on the part of the plaintiff is an affirmative defense of which the defendant can avail himself by proper proof, but it is not the general rule that one who seeks to recover for the negligence of another is required to negative by his petition such lack of care on his own part. *Great Metropolitan Shows* v. *Petty,* 7 *Ga. App.* 236, 237 (66 S. E. 624) ; *Fisher Motor Car Co.* v. *Seymour,* **9** *Ga. App.* 465 (1) (71 S. E. 764).

3. The verdict for the plaintiff was authorized by the evidence.

*Judgment affirmed. Stephens and Hill, JJ., concur.*

DECIDED MARCH 16. 1921.

Action for damages; from city court of Savannah — Judge Freeman. July 10, 1920.

The petition alleged that an employee of the defendant, hauling cotton with a vehicle of the defendant, allowed three bales to fall in the street; that the bagging of one of them was so torn as to show a white splotch, and formed such an object as naturally tended to frighten an ordinary roadworthy horse; that the plaintiff was driving along the right side of the street at a rate of speed of from six to eight miles an hour; that his horse was an ordinary roadworthy horse with normal proclivities, and that it suddenly shied from the cotton and plunged into an automobile, and the horse and the buggy were thus injured. The plaintiff sought to recover the cost of repairing the buggy, the amount paid a veterinarian for treating the horse, and the reasonable hire of the horse while disabled. It was alleged that the defendant was negligent in not tying or bracing the cotton so that it would not fall from the dray, in overloading the dray so that it would fall off, and in not keeping a lookout to prevent it from falling and replace it after falling, in allowing the cotton to remain on the street, in not removing it, in permitting it to remain when of such a nature as to frighten horses, and in placing no light on the cotton.

*Hugh M. Gannon, Lee Cotton,* for plaintiff in error.

*H. Mercer Jordan, David S. Atkinson,* contra.