## 13731. ATLANTIC COAST LINE RAILROAD COMPANY v. WILDMAN.

1. "One whose property is exposed to danger by another's negligence is bound to make such effort as an ordinarily prudent person would to save it or to prevent damage to it. If in so doing, and while exercising such care for his safety as is reasonable and prudent under the circumstances, he is injured as a result of the negligence against the effect of which he is seeking to protect his property, the wrong-doer whose negligence is the occasion of the injury must respond for the damages." *Wilson* v. *Central of Ga. Ry. Co.,* 132 Ga. 215 (1), 219 (63 S. E. 1121); *Atlantic Coast Line R. Co.* v. *Daniels,* 8 Ga. App. 775 (2) (70 S. E. 203). The petition was not subject to the general demurrer. See also *Nixon* v. *Williams,* 25 Ga. App. 594 (2) (103 S. E. 880).

2. The allegation in respect to the "public road crossing" was sufficiently specific in regard to the character of the crossing to withstand the special demurrers which were interposed. "The plaintiff is not required to set forth the evidence, either direct or circumstantial, by which he expects to establish the traversable facts alleged in the petition." *Cedartown Cotton &c. Co.* v. *Miles,* 2 Ga. App. 79 (1 a) (58 S. E. 289). See, in this connection, Civil Code (1910), §§ 2673, 2680; *Southern Railway Co.* v. *Combs,* 124 Ga. 1004 (4) (53 S. E. 508); *Western & Atlantic R. Co.* v. *Smith,* 145 Ga. 276 (2) (88 S. E. 983).

3. Those parts of the petition which are attacked as conclusions of the pleader were not objectionable, in view of the preliminary facts alleged to support them. *Southern States Portland Cement Co.* v. *Helms,* 2 Ga. App. 308 (58 S. E. 524).

4. In a case of this character it is not necessary for the plaintiff to negative by affirmative allegations any negligence on his part. This is a matter of defense, and in such a case the petition in this respect will be good unless the facts pleaded affirmatively show that the injuries were the result of the plaintiff's own negligence. *Hardwick* v. *Figgers,* 26 Ga. App. 494 (2) (106 S. E. 738).

5. There was no error, after the petition was amended, in overruling the special demurrers which were interposed thereto.

DECIDED FEBRUARY 22, 1923.

Action for damages; from city court of Waycross — Harry D. Reed, judge pro hac vice. May 27, 1922.

Application for certiorari was granted by the Supreme Court.

Andrew J. Wildman filed a suit for damages against the Atlantic Coast Line Railroad Company for personal injuries alleged to have been suffered by him by reason of the defendant's negligent omission to keep in good order a public road at the point where it was intersected by the defendant's railroad-track. The defendant demurred generally and specially, after which the plaintiff amended his petition. The demurrers were then overruled, and the railroad company excepted.

In the following statement the matters inserted by the amendment are enclosed in the parentheses. The allegations of the petition as thus amended, so far as here necessary to be stated, were as follows: " 3d. That on April 9th, 1921, plaintiff was traveling the Dixie Highway going north from Folkston, Georgia, to Waycross, Georgia, in company with his wife, in a Chevrolet sedan automobile, and about 6:30 o'clock p. m., the same being then about dark or dusk, while traveling a road leading from said Dixie Highway to Barnhill's still, a point about three miles south of Waycross on said defendant company's railroad from Waycross, Georgia, to Jacksonville Florida; and at a public (road) crossing on said railroad plaintiff undertook to cross said railroad at said public (road) crossing, and, after driving the front wheels of his automobile over the first rail of defendant company's road, he was unable to mount and cross the second rail, and was also unable to back and remount the first rail so as to extricate his car from the perilous position it was in, by reason of the fact that either rail of said track extended above the level of the cross-ties of said road about seven inches, and the road-bed was an inch or more below the level of the cross-ties, and said road-bed was loose and not packed, thus permitting plaintiff's automobile to sink down and become firmly stuck on said crossing.

(" 3½. Petitioner shows that the road he was traveling approached the railroad at an acute angle to a point thirty feet from said public crossing, which was on the right of way of the railroad

company, when the same turned sharply, at almost a right angle, to the left, and after he had made the turn he was within ten or fifteen feet of said crossing and had no opportunity to observe the same.")

"4th. Plaintiff further shows that he has had a number of years experience as a driver of an automobile, and that he did everything possible to extricate his automobile from its perilous position, and could not do so on account of the defective condition of said public crossing as set out in the foregoing paragraph.

"5th. Plaintiff further shows that he was a stranger in the community and not familiar with the train schedules on said line of railroad, and was momentarily expecting a train from either direction, and for this reason he worked all the harder to extricate his car from its perilous position on said crossing in order to save himself and the defendant company from loss or damage.

"6th. Plaintiff shows that after he had done everything he knew to extricate the automobile, and failed, he discovered a touring car approaching from the same direction in which he had come, and the same being driven by an old man accompanied by his wife, whose names he did not know and does not now know, and about the same time a negro woman named Rebecca Randolph came up to the crossing with a lighted lantern (and she informed petitioner that it was then *about time* for train No. 21, a passenger-train from Jacksonville, Florida, to arrive, and petitioner became very much excited and alarmed); and she, 'the said Rebecca Randolph, together with the old man and his wife, plaintiff's wife, and plaintiff himself undertook to lift and push said car from its perilous position on said crossing (in order to save car from destruction by approaching train, and as well said train from being wrecked and the probable loss of human lives on said train), and in so doing plaintiff sustained injuries and damages as follows: Bruises on both arms and chest, which were of a temporary nature, and as well an inguinal hernia on the left side, which said last-named injury is of a permanent nature and will continue to cause pain and suffering as long as he may live.

"7th. In addition to the injuries named in the sixth paragraph, plaintiff sustained severe shock to his nervous system by reason of the fact that after he had bruised and strained himself to the extent of producing the hernia described in the foregoing para-

graph, and failing to extricate the automobile from its perilous position on defendant company's track on said crossing, he was then and there informed by the said Rebecca Randolph that train " 21 " which is a passenger train from Jacksonville, Florida, to Waycross, Georgia, was due, and upon looking down the track towards the south he saw a train approaching, which very much frightened and excited your petitioner to the extent of completely unnerving him and causing great shock to his nervous system, from which he did not recover for several days.

" 8th.   Plaintiff shows that all of the injuries herein stated inflicted upon the plaintiff were attributable to the defective ·condition, as hereinbefore set out, of the crossing on defendant company's railroad at the time that plaintiff undertook to cross the same, and if the said crossing had been kept and maintained by the defendant company according to the spirit of the road law, such injury and damage would not have occurred, and therefore the defective condition of the crossing at that time was the proximate cause of the injury and damage to plaintiff.

" 9th.   Plaintiff shows that prior to said injuries he was in perfect health; was fifty-nine years old and had an expectancy of 14.92 years; that he was earning approximately eighteen hundred dollars a year (in the real estate and bond brokerage business at Pablo Beach, Florida, and at Saginaw, Michigan) ; and now, by reason of said injury, his length of life will be shortened and the remainder of his life will mean affliction, pain, and suffering, and a reduced earning capacity by at least one third.

" 10th.   Plaintiff further shows that he was without fault in the premises, and that his injury was caused solely by the defective condition of said defendant company's crossing."

The general demurrer was amplified by asserting that the petition showed on its face that by the exercise of ordinary care the plaintiff could have avoided the consequences of the defendant's alleged acts of negligence, and that his injuries affirmatively appear to be due to his own negligence.   The special demurrers were:   To paragraph 3, upon the grounds:   (*a*)   It is not shown that the road crossing was upon a public road duly created and established by law;   nor (*b*) is it shown that the defendant was ·under any duty to maintain the road crossing in a proper condition;   (*c*) no reason is alleged as to why the plaintiff was unable to have seen

and known of the condition of the crossing before attempting to drive his automobile across it; (*d*) the height of the rail above the road-bed shows that the plaintiff knew of the condition of the crossing before he attempted to drive his automobile over it. To the allegation in paragraph 4 that plaintiff did everything possible to extricate his automobile, on the grounds (*a*) that it is an opinion or conclusion without setting out the facts on which it is based, and (*b*) it is not alleged whether the automobile ceased to function and stopped, and if so what caused it to stop. To the allegations of paragraph 6 in reference to the plaintiff's injuries, on the ground that the petition shows the same not to have been proximately caused by the defendant's negligence. To the allegations of paragraph 7 with reference to the plaintiff's having sustained a severe shock to his nervous system, for the reasons: (*a*) the same is merely an opinion or conclusion without facts alleged on which the same is based, (*b*) the facts alleged could not have produced a shock to the nervous system of a normal man of plaintiff's age. To paragraph 8, on the grounds: (*a*) it is not alleged under what law it was the defendant's duty to maintain the crossing, (*b*) nor that the crossing referred to was put in or maintained by the defendant, (*c*) nor on what date, nor by whom, nor under what authority, legal or otherwise, the crossing was put in and maintained. To the allegations of paragraph 9, on the ground that the employment of the plaintiff was not sufficiently stated. To the petition as a whole, because no facts are alleged to show why, if the front wheels of the car went over the first rails with which they came in contact, they could not mount also and go over the second rail.

It will be borne in mind, as above stated, that the amendments were allowed after the foregoing demurrers were lodged.

*Wilson & Bennett, Bennet, Twitty & Reese,* for plaintiff in error.
*Jerome Crawley,* contra.

BELL, J. (After stating the foregoing facts.) The averment in paragraph 8 that "if the said crossing had been kept and maintained by the defendant company according to the spirit of the road law," the plaintiff's "injury and damage would not have occurred, and therefore the defective condition of the crossing at that time was the proximate cause of the injury and damage to the plaintiff," was imperfect as an allegation of proximate cause. It

does not follow as a necessary legal conclusion that, because the injury would not have occurred but for the negligence of the defendant, such negligence constituted the proximate cause of the injury (*Atlantic Coast Line Railroad Co.* v. *Daniels*, 8 *Ga. App.* 775, 778, supra) ; but since it is unequivocally alleged in paragraph 10 (not inconsistently with the former averment) that the defendant's negligence did in fact constitute the proximate cause of the injury, and since it cannot be held as a matter of law that the alleged acts of negligence, considered in connection with all of the facts and circumstances set forth in the petition, were not the proximate cause as finally alleged, the petition was good as against the general demurrer. After the amendment of the petition, both the general and the special demurrers were properly overruled.

There is a distinction between this case and that of *Crooms* v. *Payne*, 26 *Ga. App.* 739 (107 S. E. 276). It appears in that case that the plaintiff was an employee of the railroad company, and was not seeking to protect his own property, but that of another, from the alleged negligent acts of the defendant. There was no emergency which warranted him in exposing himself to the danger. There may be other distinctions, but this we think is sufficient to show that that case is not authority against the ruling here made.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*