18774. GEORGIA RAILROAD AND BANKING COMPANY
*et al. v.* STANLEY, administrator, *et al.*

774

DECIDED NOVEMBER 17, 1928.

*Hawes Cloud, J. A. Beazley, Miles W. Lewis,* for plaintiffs in error.

*Edgar Latham, McElreath & Scott, Horace M. Holden, John B. Gamble,* contra.

BELL, J. The exception in this case is to the overruling of a general demurrer to the plaintiff's petition.

E. J. Vandiver, a minor, by one as next friend (for whom was later substituted a guardian, his mother being dead), brought suit against Georgia Railroad and Banking Company, Louisville & Nashville Railroad Company, and Atlantic Coast Line Railroad Company, to recover damages for the alleged wrongful death of petitioner's father, who was killed at a grade crossing on a line of railroad owned by the first named defendant and operated by the other defendants as lessees. The petition made the following case: The homicide occurred in a collision between a train operated by the lessees and an automobile in which the decedent was riding. The train was "engaged in intrastate commerce within the limits of the State of Georgia." The decedent's death was caused entirely by the negligence of the defendants, in that the engineer in charge of the train and the engine thereof failed to blow the whistle on approaching the crossing and failed to keep and maintain a constant and vigilant lookout along the track ahead of the engine as required by law. In approaching the crossing the train passed through a cut which rendered the crossing hazardous to travelers

on the highway, and the manner in which the train was being operated constituted a menace to any person who chanced to be upon the track at such public crossing. The decedent was free from fault and was in the exercise of ordinary care for his own protection, and could not by ordinary care have avoided the consequences of the negligence of the defendant. Decedent, at the time of his death, was capable of earning and was earning $1500 per year, and his life-expectancy was 50 years. Petitioner, being the only surviving child, is entitled to recover the full value of the life of his father, and claims damages in the sum of $50,000.

The grounds of the demurrer were: (1) The petition sets forth no cause of action; (2) the petition shows on its face that the decedent's death was caused by his own negligence and want of ordinary care for his own safety, in that he did not stop, look and listen for the approach of a train before entering upon the railroad crossing.

For a reversal of the judgment overruling the demurrer counsel for the plaintiffs in error rely mainly upon the recent decision of the Supreme Court of the United States in Baltimore & Ohio R. Co. v. Goodman, 275 U. S. 66 (48 Sup. Ct. 24), in which it was held that a person attempting to drive an automobile over a railroad crossing with which he is familiar is so negligent as to bar a recovery for his death from being struck by a train, where he does not stop and look, and if necessary, leave his vehicle in order to make sure that the crossing is safe. From a reading of the briefs we infer that except for that decision the plaintiffs in error would not have brought the present case to this court. At any rate, if we consider only the decisions of our own courts, it is very plain that the petition sets forth a cause of action. In other words, if we are to decide the case according to the laws of Georgia as hitherto interpreted by the courts of this State, there would be no difficulty in affirming the judgment overruling the demurrer. We will first examine the case briefly from that standpoint, and will then consider it in the light of the Goodman case.

The allegations of the petition sufficiently charge negligence as against the defendants. Under the law of this State it is not negligent per se for one not aware of the approach of a train to attempt to cross the railroad-track without stopping, looking, or listening. *Davis* v. *Whitcomb*, 30 *Ga. App.* 497 (5) (118 S. E.

488). Even were the rule otherwise, it does not appear from the instant petition whether or not the decedent failed to stop, look, or listen, and, in the absence of anything to the contrary, it is to be presumed that he complied with any duty that may have devolved upon him in that regard. Negligence or want of due care on the part of the decedent, or failure by him to avoid the consequences of the defendants' negligence after it was or should. have been known to him, would, in a case of this sort, constitute matter of defense, to be pleaded by the defendant, where the same was not affirmatively disclosed by the allegations of the petition. *Williams* v. *Southern Ry. Co.,* 126 *Ga.* 710 (55 S. E. 948) ; *Atlantic Coast Line R. Co.* v. *Wildman,* 29 *Ga. App.* 745 (4) (116 S. E. 858) ; *Hardwick* v. *Figgers,* 26 *Ga. App.* 494 (2) (106 S. E. 738) ; *Mayor &c. of Savannah* v. *Waters,* 27 *Ga. App.* 813 (2) (109 S. E. 918). Under the Georgia cases, therefore, we think the petition good against general demurrer. *Southern Ry. Co.* v. *Tankersley,* 3 *Ga. App.* 548 (2) (60 S. E. 297) ; *Bryson* v. *Southern Ry. Co.,* 3 *Ga. App.* 407 (3) (59 S. E. 1124) ; *Dozier* v. *Central of Georgia Ry. Co.,* 12 *Ga. App.* 753 (78 S. E. 469) ; *Central of Georgia Ry. Co.* v. *Barnett,* 35 *Ga. App.* 528 (134 S. E. 126) ; *Western & Atlantic Railroad* v. *Reed,* 35 *Ga. App.* 538 (134 S. E. 134) ; *Reed* v. *Southern Ry. Co.,* 37 *Ga. App.* 550 (3) (140 S. E. 921).

The facts of this case differentiate it from the case of *Peeples* v. *Louisville & Nashville R. Co.,* 37 *Ga. App.* 87 (139 S. E. 85).

Should our conclusion be different because of the decision of the United States Supreme Court in the Goodman case? We think not, for a number of reasons. In the first place, since the petition when properly construed discloses no act or omission that could be accounted as negligence or a want of care on the part of the decedent, being silent as to anything which he did or failed to do, there is here no occasion for applying the rule laid down in that case. But there is still broader ground upon which to answer the above question in the negative. Assuming that the allegations should be construed as disclosing that the decedent did not stop, look, or listen, as seems to have been true in the Goodman case, we have here no Federal question (Mellon *v.* O'Neil, 275 U. S. 212), and it is well settled that, except as they relate to Federal questions, the decisions of the United States Supreme Court are not binding upon the State courts as precedents, but that the courts of each

State are responsible for the construction and application of the local laws of that State. In such instances the decisions of the Supreme Court of the United States are to be considered as persuasive authority only, in like manner with the decisions of other States.

As was said by the Supreme Court of Illinois in Rothschild *v.* Steger, 256 Ill. 196 (99 S. E. 920, 42 L. R. A. (N. S.) 793, 798): "A decision of the Supreme Court of the United States in a case taken to it on a writ of error from a State court, because of a Federal question being involved, is a binding precedent for the State courts, not only in the case presented, but in any subsequent case based on essentially the same facts and involving the same question. Black, Judicial Precedents, 354. But, aside from questions arising under the constitution, laws, or treaties of the United States, and in the field of general jurisprudence relating to the rights of persons and property, the jurisdiction and procedure of the courts, and the general principles for the administration of justice at common law and in equity, the decisions of the United States Supreme Court, while entitled to the highest and most respectful consideration as the pronouncements of a most eminent and learned tribunal, are, as regards all such matters, only to be considered by the State courts as persuasive authority. In respect to questions of general law, the State courts are required to follow the decisions of the highest court of the State, and are not bound by the authority of the Supreme Court of the United States; and particularly is this true where it would be necessary to overrule previous State decisions in order to conform to the views of the Federal court."

In the case under consideration we could not reverse the judgment of the court below and adjudge that the petition failed to set forth a cause of action, without overruling a number of our own decisions and ignoring, as we believe, certain decisions by the Supreme Court of this State. In Old Dominion Copper &c. Co. *v.* Bigelow, 203 Mass. 159 (89 N. E. 193, 40 L. R. A. (N. S.) 314 (10)), the Supreme Judicial Court of Massachusetts said: "The mere contrary conclusion reached by the Supreme Court of the United States upon a similar state of facts is not alone a sufficient consideration for a state court's overruling one of its own decisions." Compare Johnson *v.* Atlantic Coast Line R. Co., 142 S. C. 125 (140 S. E. 443). And the same has been held by the Supreme

Court of Georgia. In *McWhorler* v. *Tarpley,* 54 *Ga.* 291, the question was as to the liability of a guardian, in a certain state of facts, under the law of Georgia. The court said: "We do not agree with the court that the courts of this State are bound by the decision of the United States court on the point indicated. It is not one of the questions on which that court is an appellate tribunal from this court. It is simply a question of general public law whether any particular act or law was in aid of the rebellion. This court has taken a contrary view from that adopted by the Supreme Court, and with every respect for that high tribunal, we are not prepared to reverse our judgment." This doctrine was reaffirmed in *Baldy* v. *Hunter,* 98 *Ga.* 170 (25 S. E. 416).

In *Kennemer* v. *State,* 154 *Ga.* 139 (2) (113 S. E. 551), the Supreme Court of this State, having previously made a certain construction of the search and seizure clause of the Constitution of Georgia, declined to make a different construction in view of contrary decisions by the United States Supreme Court construing the corresponding clause of the Constitution of the United States. See also *City of Atlanta* v. *Smith,* 165 *Ga.* 146 (140 S. E. 369).

In the very recent case of *Seaboard Air-Line Ry. Co.* v. *Sarman,* 38 *Ga. App.* 637 (144 S. E. 810), this court, speaking through Judge Stephens, not only distinguished the Goodman case, but pointed out that under recognized principles it is not binding as a precedent upon the State courts in the decision of cases like the present.

It might add but little, if anything, to a traveler's safety for him to leave his automobile for the purpose of looking for a train and then, after returning to his car, attempt to cross the track, without opportunity for a later view. On going back to his vehicle he might still have the same need of approaching the track and looking for a train that he had before his first examination, and after each such precaution might be no safer in going ahead than he was before. These, it seems to us, are questions which should ordinarily be determined by a jury under the particular facts and circumstances of the case, and we are therefore of the opinion that the Georgia rule, to the effect that it is not negligence per se to fail to stop, look, and listen before attempting to cross a railroad-track at a public crossing, is not an unreasonable one as applied to a person traveling upon a highway in an automobile.

The petition in this case alleged that the engineer failed to blow the whistle as required by law. This allegation is to be taken as true. If the whistle had been blown the traveler probably would have heard it and would likely have stopped and waited for the train to pass.

Thus, if we were free to choose as between the doctrine of the Goodman case and the rule previously obtaining in this State, we would adhere to the latter rule. But, besides this, upon such a question as we have in this case, we are required by the constitution of Georgia (Civil Code of 1910, § 6506) to follow as precedents the decisions of our State Supreme Court, if any have been rendered in regard to the same, and we think there are at least three decisions by that court which bind us in that case: *Columbus R. Co.* v. *Peddy,* 120 *Ga.* 589 (5) (48 S. E. 149) ; *Macon Ry. Co.* v. *Barnes,* 121 *Ga.* 443 (49 S. E. 282) ; *Central Ry. Co.* v. *Harper,* 124 *Ga.* 836, 840 (53 S. E. 391).

In view of these cases, this court could not, even if inclined to do so, follow the rule laid down in the Goodman case, that case being only persuasive and not controlling as authority.

*Judgment affirmed.* *Jenkins, P. J., and Stephens, J., concur.*