20095.  SOUTHERN RAILWAY COMPANY *v.* SLATON.

Jenkins, P. J.  1. The bill of exceptions recites that the defendant demurred generally and specially to the petition; that the plaintiff amended in certain respects to meet the criticisms of special demurrer; that the defendant insisted upon and urged its demurrer to the petition as amended, and moved to dismiss the petition as a whole and as

. amended, and that upon consideration the court overruled the demurrer and refused to dismiss the petition, to which ruling the defendant excepts. Since the demurrer is a part of the record, and discloses what objections were urged against the petition, the assignment of error is sufficient. *McGregor* v. *Third National Bank*, 124 *Ga.* 557 (3) (53 S. E. 93). Accordingly, the motion to dismiss the writ of error must be denied.

2. Where a private way crosses the track of a railroad company, and the crossing is maintained by the company, and has for a number of years been in constant and uninterrupted use by the people of the community, a jury may be authorized to find that the servants in charge of a train should anticipate that a person may be on the track at such point, and use such precaution to prevent injury to him as would meet the requirements of ordinary care. *Louisville & Nashville R. Co.* v. *Arp*, 136 *Ga.* 489 (71 S. E. 867). But the imposition of such a duty on the part of the servants of the railroad company would not relieve a person going upon the tracks at the crossing from the duty of exercising ordinary care for his own safety. *Atlantic Coast Line R. Co.* v. *Fulford*, 159 *Ga.* 812 (5) (127 S. E. 274), s. c. 33 *Ga. App.* 631 (3) (127 S. E. 812); *Leverett* v. *Louisville & Nashville R. Co.*, 38 *Ga. App.* 155 (142 S. E. 905).

3. "Except where a particular act is declared to be negligence, either by statute or by a valid municipal ordinance, the question as to what acts do or do not constitute negligence is for determination by the jury, and it is error for the presiding judge to instruct them what ordinary care requires should be done in a particular case." *Atlanta & West Point R. Co.* v. *Hudson*, 123 *Ga.* 108 (51 S. E. 29); *Savannah, Florida &c. Ry. Co.* v. *Evans*, 115 Ga. 315, 316 (41 S. E. 631, 90 Am. St. R. 116); *Central of Ga. Ry. Co.* v. *McKinney*, 118 *Ga.* 535 (2) (45 S. E. 430); *Augusta Ry. & Electric Co.* v. *Weekly*, 124 *Ga.* 384 (2) (52 S. E. 444); *Western & Atlantic R. Co.* v. *Casteel*, 138 *Ga.* 579 (75 S. E. 609); *Davis* v. *Whitcomb*, 30 *Ga. App.* 497 (2) (118 S. E. 488). What might be stated as a truism by the Supreme Court, in a discussion and argument by it upon the question of whether a verdict is supported by the evidence, might be wholly inappropriate for use in a charge by the judge in the trial court. *Atlanta & West Point R. Co.* v. *Hudson*, supra; *Georgia Ry. & El. Co.* v. *Gatlin*, 142 *Ga.* 293 (4) (82 S. E. 888); *Savannah Electric Co.* v. *Joseph*, 25 *Ga. App.* 518 (2) (103 S. E. 723); *Davis* v. *Whitcomb*, supra. Accordingly, it has been many times held that questions as to diligence and negligence, including contributory negligence, and what negligence constitutes the proximate cause of the injury complained of, are questions peculiarly for the jury, such as this court will decline to solve on demurrer except where such questions appear palpably clear, plain, and indisputable. *Howard* v. *Savannah Electric Co.*, 140 *Ga.* 482 (*a*, *b*), 486 (79 S. E. 112); *Columbus R. Co.* v. *Berry*, 142 *Ga.* 670, 673 (83 S. E. 509); *Larkin* v. *Andrews*, 27 *Ga. App.* 685 (109 S. E. 518); *Columbus R. Co.* v. *Moore*, 29 *Ga. App.* 79 (113 S. E. 820); *Rome Ry. & Light Co.* v. *King*, 30 *Ga. App.* 231 (2) (117 S. E. 464); *Central of Ga. Ry. Co.* v. *Hartley*, 25 *Ga App.* 110 (103 S. E. 259). See also, in this connection, *Southern Ry. Co.* v. *Watson*, 104 *Ga.* 243 (30 S. E. 818); *Williams* v. *Southern Ry. Co.*, 126 *Ga.* 710

(55 S. E. 948); *Louisville & Nashville R. Co.* v. *Stafford,* 146 *Ga.* 206 91 S. E. 26); *Central of Ga. Ry. Co.* v. *Larsen,* 19 *Ga. App.* 413 (91 S. E. 517). There are some cases where it has thus been held that a petition was subject to demurrer because it showed on its face a plain, palpable, and indisputable example of an injury having been brought about by the lack of ordinary care on the part of the plaintiff, such as *Georgia Pacific Ry. Co.* v. *Richardson,* 80 *Ga.* 727 (7 S. E. 119), where the plaintiff, a trespasser, was walking a railway trestle; but the principle just stated and illustrated should not, under the great weight of authority in this State, be applied to the duty owing by a person, not a trespasser, lawfully undertaking to pass over a public or private railroad crossing. It is true that the Supreme Court has held that the court might properly charge the jury that "the precise thing which every person is bound to do before stepping upon a railroad track, is that which every prudent man would do under like circumstances," and that *"if* prudent men would look and listen, so must every one else, or take the consequences so far as the consequences might have been avoided by that means." *Metropolitan Street R. Co.* v. *Johnson,* 90 *Ga.* 500 (5) (16 S. E. 49); *Columbus R. Co.* v. *Peddy,* 120 *Ga.* 589 (3) (48 S. E. 149); *Collum* v. *Georgia Ry. & El. Co.,* 140 *Ga.* 573 (3) (79 S. E. 475). But this is an entirely different thing from the court undertaking to decide for itself, and as a matter of law, what such a person lawfully entering upon a public or private railroad crossing must or must not do in order to free himself of a guilt of a lack of ordinary care constituting the proximate cause of his injury. On the contrary, it has been many times ruled that such a question is one to be determined by the jury as a question of fact, rather than by the court as a matter of law. This long line of decisions, contrary to the rule in some jurisdictions, is to the effect that it can not be said, *as a matter of law,* that the failure on the part of a person approaching and entering upon a railroad crossing, and unaware of the approach of a train, to stop, look, or listen, renders such person guilty of a lack of ordinary care such as would prevent recovery except in cases of wilful and wanton misconduct on the part of the defendant company. *Western & Atlantic R. Co.* v. *Ferguson,* 113 *Ga.* 708, 711 (39 S. E. 306, 54 L. R. A. 802); *Bullard* v. *Southern Ry. Co.,* 116 *Ga.* 644 (43 S. E. 39); *Columbus R. Co.* v. *Peddy,* supra; *Bryson* v. *Southern Ry. Co.,* 3 *Ga. App.* 407 (3) (59 S. E. 1124); *Tennessee &c. R. Co.* v. *Neely,* 27 *Ga. App.* 491 (2) (108 S. E. 629); *Davis* v. *Whitcomb,* supra; *Reed* v. *Southern Ry. Co.,* 37 *Ga. App.* 550 (3) (140 S. E. 921); *Georgia R. &c. Co.* v. *Stanley,* 38 *Ga. App.* 773, 775 (145 S. E. 530); *Seaboard Air-Line Ry. Co.* v. *Sarman,* 38 *Ga. App.* 637 (3) (144 S. E. 810). Moreover, so far as the instant case is concerned, it is not the general rule in this State that one who seeks to recover for the negligence of another is required to negative by his petition a lack of ordinary care on his own part. *Great Metropolitan Shows* v. *Petty,* 7 *Ga. App.* 236, 237 (66 S. E. 624); *Fisher Motor Car Co.* v. *Seymour,* 9 *Ga. App.* 465 (71 S. E. 764); *Atlantic Coast Line R. Co.* v. *Wildman,* 29 *Ga. App.* 745 (4) (116 S. E. 858). As in *Georgia R. &c. Co.* v. *Stanley,* supra, even though a failure to stop, look, or listen could be taken as negligence per se, "it does not appear from the instant petition whether or not the

decedent failed to stop, look, or listen; and in the absence of anything to the contrary, it is to be presumed that he complied with any duty that may have devolved upon him in that regard." Accordingly, the court did not err in refusing to dismiss the petition on general demurrer, as showing on its face, and as a matter of law, that the proximate cause of the accident was the failure of the decedent to exercise ordinary care in entering upon the private crossing. Especially would this be true in the instant case, since the petition alleges, as was not the case in *Cox* v. *Central of Ga. Ry. Co.*, 38 *Ga. App.* 88 (143 S. E. 444), s. c. 167 *Ga.* 416 (145 S. E. 855), that the attention of the decedent was attracted by another train approaching the crossing on a parallel line of another company, which might, in the minds of the jury, have wholly or partially palliated or excused any negligence which the jury might have believed the decedent guilty of, so as to relieve him from the guilt of a failure to exercise ordinary care.

4. While it has been held that there is no statutory duty resting upon a railroad company to give warning of the approach of a train to a private crossing (*McCoy* v. *Central of Ga. Ry. Co.*, 131 *Ga.* 378, 62 S. E. 297; *Willingham* v. *Macon & Birmingham Ry. Co.*, 113 *Ga.* 374, 38 S. E. 843), a petition is not subject to special demurrer because it alleges negligence on the part of the defendant company in failing to give any signal by bell, whistle, or otherwise, and in failing to have the engine under control and to check the speed of the train upon approaching a private crossing, where, as in the instant case, such facts were not set forth as constituting a violation of any statutory duty of the defendant, but as constituting negligence as a matter of fact, under the surrounding facts and circumstances set forth.

5. The petition was subject to the special demurrer interposed on the ground that the petition failed to set forth the method in which the decedent was traveling on approaching the crossing, whether on foot or by vehicle; and upon the failure of the plaintiff to amend the petition by giving the information thus sought, and to which the defendant was entitled, it was error for the court to overrule the special demurrer calling attention to such omission. The remaining grounds of special demurrer which were not met by amendment were properly overruled. *Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED SEPTEMBER 6, 1930.

*Maddox, Sapp & Maddox,* for plaintiff in error.
*Mitchell & Mitchell, Mann & Mann,* contra.