### 30527. HAYS v. ANCHORS.

SUTTON, P. J. 1. A dog is a domestic animal (*Wilcox* v. *State*, 101 *Ga.* 653, 28 S. E. 981, 39 L. R. A. 709) ; and this is true regardless of its breed. Under the provisions of the Code, § 105-110, which is but a re-

statement of the common law, to support an action for damages for injuries sustained by being bitten by a dog, it is necessary to show that the dog was vicious, and that the owner had knowledge of that fact. *Harvey* v. *Buchanan*, 121 *Ga.* 384 (49 S. E. 281). It is not sufficient to allege that the "defendant knew or in the exercise of ordinary care should have known" the dog was vicious; but facts showing knowledge, either actual or constructive, must be alleged. *Langford* v. *Eskedor*, 30 *Ga. App.* 799 (119 S. E. 431). In the present case, the petition alleged that the dog was a German police dog, and was of a vicious species of animal life, and known to the public as being of a vicious species; that this fact should have put the defendant on notice that the dog was vicious; that recently the dog had been treated for some unknown disease, and operated upon in a dog hospital; that the operation caused an abnormal condition to exist on its head; that after the operation the defendant allowed the dog to be carried to her home for the purpose of being cared for; that the dog was a menace to those coming in contact with it; and that by reason of the facts alleged "the defendant knew, or ought to have known that the dog was vicious." Nowhere is it alleged that the dog had ever made an attack on anyone prior to the time it injured the plaintiff, or that it had ever given the defendant cause to suspect that it might be vicious, except that it belonged to the breed of dogs known as German police dogs. It is not alleged that the defendant was the owner of the dog, or that she ever had the dog under her personal supervision or control. It not appearing from the allegations of the petition as amended, that the defendant had knowledge that the dog was vicious prior to the time the plaintiff was injured, the petition did not set out a cause of action, and the court did not err in sustaining the general demurrer thereto. In this connection, see *Reed* v. *Southern Express Co.*, 95 *Ga.* 108 (22 S. E. 133, 51 Am. St. R. 62); *Browder-Manget Co.* v. *Calhoun Brick Co.*, 138 *Ga.* 277 (75 S. E. 243).

2. Nor does the petition set out a cause of action for failure to furnish the servant a safe place to work. The petition alleged that the plaintiff was employed by the defendant, and that she was bitten by the dog on entering the premises; that the defendant knew the plaintiff would come to work, and did not furnish her with a safe place to work, in that keeping the dog endangered her life and safety while she was in the performance of duties incident to her employment. As set out in the first part of this opinion, there are no facts alleged to show that the defendant had knowledge that the dog was vicious, or that it would be unsafe for the plaintiff to work in the house with the dog present. If the petition be construed as one for damages for injuries sustained by reason of the failure of the employer to furnish the servant with a safe place to work, it fails to set out a cause of action because of the failure to allege facts showing the defendant knew, or should have known of the danger. In this connection, see *Jellico* v. *J. B. White & Co.*, 11 *Ga. App.* 836 (76 S. E. 599); *Day* v. *Graybill*, 24 *Ga. App.* 524 (101 S. E. 759); *Blair* v. *Fulton Bakery*, 68 *Ga. App.* 879 (24 S. E. 2d, 598).

3. The court did not err in sustaining the general demurrer and dismissing the petition as amended.

*Judgment affirmed. Felton and Parker, JJ., concur.*

DECIDED JUNE 7, 1944.

282

*Robert B. Blackburn, Carl F. Hutcheson,* for plaintiff.
*Lindsay, Lozier & Bell,* for defendant.