BAKER *et al. v.* GODDARD.

No. 16592. MAY 12, 1949. REHEARING DENIED JUNE 16, 1949.

478

C. J. Taylor, for plaintiffs in error.
Franklin, Eberhardt & Barham, contra.

HEAD, Justice. 1. The court did not err in overruling the oral motion and objections of the defendant to the allowance of the amendments setting up counts 2 and 3 of the petition, upon the ground that these counts sought to set up new and distinct causes of action. It clearly appears from counts 2 and 3 that the same collision and injuries were alleged by the petitioner, the petitioner by the separate counts relying upon distinct and separate acts of negligence of the defendant for a recovery. It is the right of every plaintiff to allege separate and distinct bases for a recovery in separate counts, as the plaintiff may elect, or the circumstances may justify.

2. Grounds 1 and 2 of the demurrer, that there was a misjoinder of parties defendant and misjoinder of causes of action, were properly overruled. Misjoinder of causes of action or duplicity is a matter for special demurrer to be filed at the first term (appearance date of the case, Rules of Procedure, Ga. L. 1946,

p. 767, § 2, Code, Ann. Supp., § 24-3376), and even though an amendment to a petition materially changes the cause of action and opens the petition as amended to demurrer, yet where the question of misjoinder or duplicity relates to the original petition, the filing of an amendment adding two additional counts will not authorize the filing of a special demurrer at the trial term. *Johns v. Nix*, 196 *Ga.* 417 (26 S. E. 2d, 526). In this case it clearly appears that the demurrers attacking the petition for misjoinder of parties and causes of action came too late. But had the defendant filed a timely special demurrer, it would not have been error for the trial court to have overruled it. It was held by this court in *Battle v. Royster Guano Co.*, 155 *Ga.* 322 (118 S. E. 343), that a petitioner may seek a money judgment against one defendant and a cancellation of deeds made by such defendant to other parties in the same cause of action. See also *DeLacy v. Hurst,* 83 *Ga.* 223 (9 S. E. 1052); *McVeigh v. Harrison,* 185 *Ga.* 121 (194 S. E. 208).

3. The special demurrer to paragraph 7 of count 2 of the petition, alleging that "Leroy Mobley was an employee-servant of the defendant Rufus Baker," on the ground that the nature of his employment or the duties of the servant were not shown, and that the allegation was a conclusion of the pleader, was properly overruled. A positive allegation does not have to be supported by the evidence upon which the pleader may rely to establish the fact alleged. Other grounds of special demurrer are without merit.

4. Grounds 1 and 2 of the amended motion for new trial assign error on the charge of the court in submitting to the jury the contention of the petitioner that Rufus Baker was operating his Ford truck at the time of the collision, it being contended that the charge was not supported by any evidence, that there was no testimony that Rufus Baker was driving the truck, but on the contrary, the undisputed testimony established the fact that Rufus Baker was not driving the truck at the time of the collision with the petitioner's automobile.

Generally a charge with reference to the act of a principal may include the acts of an authorized agent. *Trawick v. Chambliss,* 42 *Ga. App.* 334 (2) (156 S. E. 268). In this case, however, the petitioner having alleged in count 1 that the de-

fendant was operating the truck, and in count 2 that the defendant by his agent, LeRoy Mobley, was operating the truck, it was improper to submit to the jury the contention of the petitioner in count 1, which was wholly unsupported by any evidence. It is reversible error to submit to the jury contentions of a party wholly unsupported by any evidence, if the jury may be confused and misled by the charge as made. *Culberson* v. *Alabama Construction Co.*, 127 *Ga.* 599 (56 S. E. 765, 9 L. R. A. (N. S.) 411, 9 Ann. Cas. 507); *Gaskins* v. *Gaskins*, 145 *Ga.* 806 (89 S. E. 1080); *Jones* v. *Hogans*, 197 *Ga.* 404, 412 (29 S. E. 2d, 568). In this case the charge on the allegations of count 1 may well have confused the jury and misled them in arriving at their verdict to such extent that a new trial must be granted.

5. Ground 3 of the amended motion for new trial assigns error on the charge of the court submitting to the jury allegations of negligence contained in count 3, in that the court instructed the jury that they would have the pleadings out with them and might refer to the pleadings to arrive at the contentions of the parties, without instructing the jury that subparagraphs 1 and 2 of paragraph 12 had been stricken, and it is asserted that without such instruction the jury was authorized to find in favor of the petitioner on grounds of negligence not specified in the petition.

Subparagraphs 1 and 2 having been stricken by amendment, the "pleadings" would properly include such amendment, and being before the jury, they should not be misled by allegations which had been stricken.

Ground 3 further assigns error on the charge of the court with reference to the allegation of count 3 of the petition, that the defendant was negligent in entrusting his automobile to LeRoy Mobley while the latter was under the influence of intoxicating liquor. It is contended that this charge authorized the jury to find that the damage to the petitioner was the result of Mobley being under the influence of intoxicating liquor, when there was no allegation in the petition that the fact that Mobley was under the influence of intoxicating liquor either caused or contributed to the negligent operation of the truck by Mobley, and that the charge was not supported by, or based upon any issue made by the pleadings.

This assignment of error is without merit. Preceding the allegation in count 3 that the defendant was negligent in permitting LeRoy Mobley to operate his truck while in an intoxicated condition, it was alleged exactly how it was contended Mobley had operated the truck. From the allegations as to the manner of operation of the truck it was for the jury to determine whether or not Mobley operated the truck in a negligent or unlawful manner.

6. Grounds 4 and 5 assign error upon the charge of the court in submitting to the jury the allegations of the petition that LeRoy Mobley was the agent or servant of the defendant Baker, it being contended that this allegation was not supported by evidence, and that the charge was misleading and confusing to the jury, and enlarged upon the allegations of agency in count 2 of the petition.

This assignment of error appears to be well taken. The sole evidence which might be said to support the contention of the petitioner that Mobley was the employee or agent of the defendant Baker is found in the testimony of the witness "Jiggerboo" Smith, who stated as follows, "I know that he worked for him—that's what I thought." This statement, when construed with the complete testimony of the witness, is insufficient to show that Mobley was employed by the defendant. The qualifying phrase, "at least that's what I thought," so limits the testimony of the witness as to deprive it of any probative value on the allegation of agency. It was error to submit the contentions of the petitioner in count 2, that Mobley was the agent of the defendant Baker.

7. Ground 6 assigns error on two extracts from the charge of the court. The first extract is evidently incomplete in that certain connecting words are omitted. An assignment of error on a charge of the court must be correct and complete within itself, and this court will not undertake to determine whether or not the charge complained of might be susceptible to objection when it is incorrectly set out in the motion for new trial.

In the second excerpt the court was charging the jury with reference to acts void as against creditors, and stated: "Among such acts is any transfer of property had or made with intention to delay or defraud creditors, and this is true whether or

not the transfer be solvent or insolvent." It is contended that the court should have charged, after the phrase, "intention to delay or defraud creditors," the further words, "and such intention known to the party taking." The Code, § 28-201 (2), provides: "Every conveyance of real or personal estate, . . had or made with intention to delay or defraud creditors, and such intention known to the party taking," is void as against creditors. When this Code section is applied to conveyances for a valuable consideration, it is necessary that the intention should have been known to the party taking, even though the transaction be between husband and wife. The Code, § 53-505, provides that, when a transaction between husband and wife shall be attacked for fraud by the creditors of either, the burden shall be on the husband or wife to show that the transaction was fair. This latter section, however, is a rule of evidence, and does not dispense with any necessary element in setting aside a conveyance based on a valuable consideration. Since there was some evidence in this case that the defendant's wife had paid a part of the purchase-price of the property conveyed to her by her husband, the court, in charging on the setting aside of conveyances made with the intention of defrauding creditors, should have added the phrase, "and such intention known to the party taking." The court had elsewhere correctly charged the rule in the case of a voluntary conveyance made by a debtor insolvent at the time of such conveyance.

8. In ground 7 of the amended motion for new trial error is assigned on an extract from the charge, in which it is contended that the court used the word "damages" where the word "negligence" should have been used. This misapplication of terms is one that will not likely recur upon a retrial of the cause.

9. Grounds 8 and 9 of the amended motion for new trial are controlled by the rulings made in divisions 5 and 6 of this opinion.

10. Ground 10 of the amended motion for new trial assigns as error the admission of the following testimony by the petitioner: "I think the $1500, which I had been offered for my car was, in my opinion, a fair market value for my car." The objection was that the witness had not qualified as an expert. This assignment of error is without merit. The valuation of the automobile at a time preceding the collision was necessarily a matter of opinion.

The witness had stated sufficient facts on which to base his opinion, and it was not improper for the court to allow the witness to testify as to his opinion of the value of the automobile.

*Judgment reversed. All the Justices concur.*