## 33119. GRANT *v.* SMART.

DECIDED JULY 7, 1950.

*Frank A. Bowers*, for plaintiff.

*Nat C. Spence*, for defendant.

FELTON, J. The defendant in error contends that the plaintiff is precluded from recovery because he used the porch with knowledge of its dangerous and unsafe condition as evidenced by his allegation that "commencing in the early part of 1948 the plaintiff and his wife noticed that the wood of and about the said front porch was beginning to rot and deteriorate . ." This allegation is explained by the additional allegation that the post which swung out from the porch causing the plaintiff's fall upon casual inspection appeared to be safe and secure. These are not inconsistent allegations which must be construed against the plaintiff. The latter is merely explanatory of the former. While it is true that when rented premises become out of repair it is the duty of the tenant to abstain from using any part of the premises which would be attended with danger, it is equally true that even after notice to the landlord of the state of disrepair of the premises the tenant has a right to use those parts of the premises which are apparently in good condition. *Stack v. Harris*, 111 *Ga.* 149 (36 S. E. 615); *Shaddix v. Eberhart*, 55 *Ga. App.* 498 (190 S. E. 408). If the defect could have reasonably been discovered by the defendant by the use of ordinary care in the examination of defects of which she had notice, the plaintiff may recover if all other legal requirements are met.

*McGee* v. *Hardacre,* 27 *Ga. App.* 106 (3) (107 S. E. 563); *Gledhill* v. *Harvey,* 55 *Ga. App.* 322 (190 S. E. 61). Except in clear and indisputable cases questions of negligence, proximate cause and contributory negligence are questions for a jury. *Larkin* v. *Andrews,* 27 *Ga. App.* 685 (109 S. E. 518); *Southern Ry. Co.* v. *Slaton,* 41 *Ga. App.* 759, 760 (3) (154 S. E. 718). This case does not come within the exception. A jury may be authorized to find from the evidence that the plaintiff did not exercise ordinary care under the circumstances and that this was the proximate cause of his injuries, but such does not appear on the face of the declaration and the court cannot as a matter of law resolve this question on the pleadings.

The declaration stated a good cause of action and the court erred in sustaining the general demurrer thereto and in dismissing the action.

*Judgment reversed. Sutton, C.J., and Worrill, J., concur.*