37141. ATLANTA NEWSPAPERS, INC., *et al. v.*
BELL TRANSPORTATION COMPANY.

788

Decided May 13, 1958—
Rehearing denied June 24, 1958.

*T. J. Long, Ben Weinberg, Jr.,* for plaintiffs in error.

*Nall, Sterne, Miller, Cadenhead & Dennis, A. Paul Cadenhead, B. Carl Buice,* contra.

CARLISLE, Judge. No rule is more firmly established in this jurisdiction than the rule that questions respecting negligence and diligence, including contributory negligence, and questions with relation to causation and whose negligence was the proximate cause of an injury, are questions peculiarly for the jury and the courts will decline to solve them by decision on demurrer except in plain, palpable and indisputable cases. *A. & W. P. R. Co.* v. *McDonald,* 88 *Ga. App.* 515, 519 (76 S. E. 2d 825). The plaintiff in this case has alleged certain facts and has alleged that the defendant was negligent in certain respects and that it has suffered injury and damage as the proximate result of the defendant's actions. In effect, the defendant's contention on demurrer is that the plaintiff's petition when construed most strongly against the pleader shows that the plaintiff was guilty of such contributory negligence that it is barred from recovery. The defendant contends that, since the plaintiff does not allege

where upon the highway with respect to the center line thereof the collision occurred, construed most strongly against the plaintiff, the petition must be construed as alleging that the plaintiff's vehicle was on the plaintiff's left-hand side of the road. This argument is not sound. In the first place, the plaintiff is not required to negative its own negligence (*Fisher Motor Car Co.* v. *Seymour & Allen,* 9 *Ga. App.* 465 (1), 71 S. E. 764), and, under the general rule first above stated, where it does not affirmatively appear from the petition that the plaintiff was guilty of such negligence as to be barred from a recovery, the petition will not be so construed. *Grant* v. *Smart,* 82 *Ga. App.* 80 (60 S. E. 2d 379). If the plaintiff's vehicle was, in fact, on the left-hand side of the road, and if it went onto the left side of the road immediately in front of the defendant's vehicle and so as to create an emergency, this would be a defensive matter which the defendant could inject into the case by proper pleading. See *Salmon* v. *Rogers,* 40 *Ga. App.* 73, 77 (149 S. E. 52).

The petition set forth a cause of action, and none of the grounds of special demurrer were meritorious, and the trial court did not err in overruling all of the demurrers and in refusing to dismiss the petition.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*