37669. WOODS *v.* SIMPSON.

DECIDED MAY 12, 1959.

*Leonard Pennisi, Marjorie King,* for plaintiff in error.

*T. J. Long, Ben Weinberg, Jr.,* contra.

GARDNER, Presiding Judge. The plaintiff herein was, of course, rightfully upon the premises of the defendant. As to this there can be no dispute. However, it appears from the allegations of the plaintiff's petition that she was well acquainted with the nature of the defendant's dog and its habit of romping and playing about the defendant's home wherein the plaintiff was employed as a maid, and that this dog did so without restraint. None of the grounds set forth in the plaintiff's petition shows any neglect of duty on the defendant's part as to the plaintiff, such as would constitute negligence under the law. As to the dog's being allowed to romp about the house unleashed, he was a domesticated animal, and it does not appear that he was accustomed to attack persons viciously, but only to romp and play, as do most dogs. As to the plaintiff's request made to the defendant that she pen this dog, and the failure of the defendant to do so, no negligence appears. While the plaintiff made such request prior to the time the dog ran against her leg, as a result whereof she was knocked down and injured, it does not appear that when the defendant would not pen or leash the animal she quit work, but on the

contrary it appears that she continued to work for the defendant thereafter. It appears from the petition that the plaintiff well knew of the propensities of this dog to romp and play and that she was well acquainted with the fact that the hall wherein she walked and which she was using to answer the call of her mistress at the time she was injured was waxed and was also slick.

The allegations of this petition show no liability on the part of the defendant, nor any breach of any duty under the law on her part towards the plaintiff such as would, under the law, constitute negligence. The petition of the plaintiff, therefore, failed to set out a cause of action, and when the court sustained the general demurrer to the petition giving the plaintiff ten days to amend, which she did not do, the trial court did not err in making such order and judgment final and dismissing it.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*