37694. NORMAN *v.* NORMAN.

DECIDED JUNE 11, 1959—REHEARING DENIED JULY 1, 1959.

758

*Wyatt & Morgan, L. R. Morgan, James R. Lewis,* for plaintiff in error.

*Morrow & Nix, Foley, Chappell, Kelly & Champion,* contra.

FELTON, Chief Judge. 1. The special demurrers directed at the failure of the plaintiff to negative her own negligence were properly overruled. *Atlanta Newspapers* v. *Bell Transportation Co.,* 97 *Ga. App.* 787, 790 (104 S. E. 2d 545); *Fisher Motor Car Co.* v. *Seymour & Allen,* 9 *Ga. App.* 465 (1) (71 S. E. 764); *Hardwick* v. *Figgers,* 26 *Ga. App.* 494 (2) (106 S. E. 738); *A. C. L. R. Co.* v. *Wildman,* 29 *Ga. App.* 745 (4) (116 S. E. 858); *Southern Ry. Co.* v. *Slaton,* 41 *Ga. App.* 759, 761 (154 S. E. 718).

2. The special demurrers the grounds of which are that the plaintiff alleged mere conclusions that the dog was vicious and dangerous and that this fact was known to defendant and did not allege facts to support them were properly overruled. The petition alleged as a fact and not a conclusion that the dog was vicious and dangerous and that the nature of the dog was known to the defendant. These were allegations of ultimate facts and the pleading of evidentiary facts is not required. Williams, Standard Georgia Practice, Vol. 2, p. 89, § 8; *Lefkoff* v. *Sicro,* 189 *Ga.* 554 (10) (6 S. E. 2d 687, 133 A.L.R. 738); *Jackson* v. *Sanders,* 199 *Ga.* 222, 227 (38 S. E. 2d 711, 159 A.L.R. 638); *Dumas* v. *Dumas,* 206 *Ga.* 767 (3) (58 S. E. 2d 830); *Baker* v. *Goddard,* 205 *Ga.* 477, 479 (53 S. E. 2d 754); *Boney* v. *Cheshire,* 147 *Ga.* 30 (2) (92 S. E. 636). The allegations in this case are that the dog was vicious and dangerous and that the defendant knew it. The allegations in *Hays* v. *Anchors,* 71 *Ga. App.* 280 (30 S. E. 2d 646) are quite different. It was not there alleged that the defendant actually knew the nature of the

dog but only that the defendant should have known it because the dog was a German police dog. See *Greene* v. *Orr*, 75 *Ga. App.* 673 (44 S. E. 2d 273); *Georgia Power Co.* v. *Blum* 80 *Ga. App.* 618 (57 S. E. 2d 18); *Shirley* v. *Standard Oil Co. of Kentucky*, 172 *Ga.* 191 (1) (157 S. E. 267); *Nelson* v. *Estill*, 190 *Ga.* 235, 244 (9 S. E. 2d 73). Since actual knowledge is alleged as a fact, evidentiary instances of the dog's viciousness are not necessary.

3. The ground of the special demurrer directed at the plaintiff's failure to allege that the defendant did not invite the plaintiff into her house was properly overruled because the petition specifically alleges the invitation.

4. The ground of special demurrer directed at the failure of the petition to allege what monetary or other compensation the plaintiff received for sewing for the defendant was properly overruled. Monetary consideration is not essential to the relationship of owner or occupier and invitee. Common interest or mutual advantage is sufficient. *Flint River Cotton Mill* v. *Colley*, 71 *Ga. App.* 288, 291 (30 S. E. 2d 426).

5. Special demurrers 9(c) and (d) are: (9c) "Plaintiff fails to allege with what frequence and how often she made trips to defendant's house. (9d) "Plaintiff fails to allege whether the back door of defendant's house was used by her exclusively for ingress or egress or whether another entrance was also used in her visits." These demurrers called for the pleading of defensive matter and the court properly overruled them.

6. The special demurrer to the allegation in paragraph 8 of the petition, "which defendant knew to be slippery and dangerous and especially slippery when wet," on the ground that it was a conclusion of the pleader, was properly overruled. This is an allegation of ultimate fact. See authorities cited in division 2. This ruling also applies to the overruling of the special demurrer to paragraph 9 which makes the identical objection.

7. The special demurrers to paragraph 10 of the petition alleging that the defendant "well knew that said dog would run into and against persons entering onto the porch of the defendant's house" were properly overruled. The grounds are (a) that it is not alleged that the dog had run into and against anyone

before, (b) that the names of the persons are not alleged, (c) that the allegation is a conclusion and (d) that the petition does not allege facts showing such knowledge. The allegation is one of ultimate fact. See authorities cited in division 2 and especially the statement distinguishing between the allegations in this case and those in *Hays* v. *Anchors*, 71 *Ga. App.* 280, supra. These demurrers are duplicated in different language in paragraphs 15, 16, and 17 of the demurrers which the rulings already made are sufficient to cover.

8. The court erred in overruling special demurrer 20 to the allegation in paragraph 11 (e) of the petition that the defendant "knew plaintiff was present prior to and at the time said dog struck plaintiff" the ground of which was that the allegation is at variance with the allegation in paragraph 15 of the petition that "notwithstanding the defendant's expectation of plaintiff's arrival for said purpose" and "after defendant reasonably expected the arrival of the plaintiff at the defendant's home." The allegation as to expected arrival is contradictory to the allegation of actual knowledge of the arrival.

9. The special demurrer to paragraph 11 (f) is directed to the paragraph as a whole and was properly overruled. The specification of negligence concerning the vicious dog is supported by fact. The court sustained the special demurrer to paragraph 11 (d) concerning the dangerous condition of the steps and porch on the defendant's premises.

10. Paragraph 11 (g) of the petition is merely a general allegation of negligence and is not subject to the special demurrer the ground of which is that the allegations of the petition do not support it.

11. The questions involved in the overruling of the special demurrers to paragraph 15 of the petition have already been ruled on adversely to the plaintiff in error. Most of them involve the sufficiency of allegations of ultimate fact and the absence of the plaintiff's duty to plead evidentiary facts. If there are others, the rulings on similar demurrers suffice. The court properly overruled the demurrers.

12. Special demurrers 24, 25, 27 and 28 are duplications.

13. The allegations of the petition do not allege facts suffi-

cient to charge the defendant with wilful and wanton misconduct, and special demurrer 26 should have been sustained.

These rulings cover all of the special demurrers argued and insisted on.

14. The petition alleged a cause of action good as against a general demurrer. Since the court sustained a special demurrer to specification of negligence 11 (d), the cause of action insofar as the defendant's negligence was concerned with the condition of the steps and porch is eliminated from the case.

The court did not err in overruling the general demurrer to the petition or in overruling the special demurrers dealt with in divisions 1, 2, 3, 4, 5, 6, 7, 9, 10 and 11. The court erred in overruling the special demurrers dealt with in divisions 8 and 13 of the opinion and in overruling the special demurrers of the same import as those dealt with in divisions 8 and 13.

*Judgment affirmed in part and reversed in part. Quillian and Nichols, JJ., concur.*

ON MOTION FOR REHEARING.

In the case of *Woods* v. *Simpson*, 99 *Ga. App.* 538 (109 S. E. 2d 72), the petition did not allege that the defendant had actual knowledge of the dangerous nature and propensities of the dog and the ruling in that case is clearly distinguishable from that in the instant case.

*Rehearing denied.*